J-A18045-18

2018 PA Super 312

COMMONWEALTH OF PENNSYLVANIA, : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
Appellee :
:
v. :
:
JEFFREY PETER THOMPSON, :
:
Appellant : No. 4087 EDA 2017

Appeal from the Order Entered November 17, 2017
in the Court of Common Pleas of Chester County
Criminal Division at No(s): CP-15-CR-0000964-2005

BEFORE: STABILE, J., STEVENS, P.J.E.* and STRASSBURGER, J.**

OPINION BY STRASSBURGER, J.: **FILED NOVEMBER 26, 2018**

Jeffrey Peter Thompson (Appellant) appeals *pro se* from the order denying his petition for writ of *habeas corpus*. We affirm.

We provide the following background. On October 6, 2006, Appellant entered into a negotiated guilty plea agreement, wherein he pleaded guilty to one count each of second-degree murder and robbery for murdering sixteen-year-old Gregory Paschall.[1] Appellant was sentenced pursuant to the negotiated plea agreement to life in prison without the possibility of parole (LWOP).[2]

---

[1] Appellant was 37 years old at the time.

[2] In exchange for the guilty plea, the Commonwealth agreed not to pursue the death penalty.

* Former Justice specially assigned to the Superior Court.

** Retired Senior Judge assigned to the Superior Court.

Appellant filed *pro se* his first petition pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546, on October 2, 2009. The PCRA court appointed counsel, who filed a petition to withdraw pursuant to **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988), and **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*). The PCRA court granted counsel's petition to withdraw and dismissed that petition as being filed untimely. This Court affirmed that decision on January 5, 2011. **See Commonwealth v. Thompson**, 23 A.3d 1075 (Pa. Super. 2011) (unpublished memorandum). On June 20, 2014, Appellant filed a second PCRA petition, which was once again dismissed as being filed untimely. This Court affirmed that decision on July 31, 2015. **See Commonwealth v. Thompson**, 125 A.3d 466 (Pa. Super. 2015) (unpublished memorandum).

On October 20, 2017, Appellant filed *pro se* a petition for writ of *habeas corpus*. In that petition, he claimed that his LWOP sentence violates the Eighth Amendment to the United States Constitution. Petition for Writ of *Habeas Corpus*, 10/20/2017, at 2. Specifically, he relies upon the United States Supreme Court's decision in **Miller v. Alabama**, 567 U.S. 460 (2012). **Id**. In **Miller**, the Supreme Court held that the application of LWOP sentences to

individuals who were juveniles at the time they committed homicides was unconstitutional.[3]  **Miller**, 567 U.S. at 479.

In his petition for writ of *habeas corpus*, Appellant recognizes that he was not a juvenile at the time he committed the murder, but argues that he is an adult offender suffering from a mental disability, and is therefore akin to a juvenile, *i.e.*, one who is less culpable in committing a crime.  Thus, he argues that the Eighth Amendment prevents him from being sentenced to an LWOP sentence.  Accordingly, Appellant requested that the trial court grant him a hearing and find that his "sentence is unconstitutional and his continuing confinement illegal." Petition for Writ of *Habeas Corpus*, 10/20/2017, at 11.

On November 14, 2017, the trial court denied Appellant's petition. Appellant timely filed a notice of appeal, and both Appellant and the trial court complied with Pa.R.A.P. 1925.

Before we address Appellant's claims on appeal, we consider the trial court's conclusion that Appellant's request for relief falls outside the purview of the PCRA. **See** Trial Court Opinion, 1/29/2018, at 9 (quoting 42 Pa.C.S. § 9543(a)(2)(i)) (concluding that because Appellant has not argued that "his sentence was illegal at the time it was imposed" or that "there has been a violation of the Constitution of the Commonwealth or United States which so

---

[3] In **Montgomery v. Louisiana**, 136 S.Ct. 718 (2016), the United States Supreme Court determined that **Miller** announced a new substantive rule of law that applies retroactively. **Montgomery**, 136 S.Ct. at 736.

undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place," Appellant's claims fall outside the purview of the PCRA).

> [B]oth the PCRA and the state *habeas corpus* statute contemplate that the PCRA subsumes the writ of *habeas corpus* in circumstances where the PCRA provides a remedy for the claim. … [W]e have held that the scope of the PCRA eligibility requirements should not be narrowly confined to its specifically enumerated areas of review. Such narrow construction would be inconsistent with the legislative intent to channel post-conviction claims into the PCRA's framework, and would instead create a bifurcated system of post-conviction review where some post-conviction claims are cognizable under the PCRA while others are not.
>
> Instead, this Court has broadly interpreted the PCRA eligibility requirements as including within its ambit claims … regardless of the "truth-determining process" language … from [s]ection 9543(a)(2)(i). *See Commonwealth v. Liebel*, [] 825 A.2d 630 ([Pa.] 2003) (holding that claim challenging counsel's effectiveness for failing to file a petition for allowance of appeal is cognizable under PCRA); *Commonwealth ex. rel. Dadario v. Goldberg*, [] 773 A.2d 126 ([Pa.] 2001) (holding that claim alleging counsel's ineffectiveness during the plea bargaining process is cognizable under the PCRA); *Commonwealth v. Chester*, [] 733 A.2d 1242 ([Pa.] 1999) (holding that claim alleging ineffective assistance of counsel during penalty phase of capital case is cognizable under the PCRA); *Commonwealth v. Lantzy*, [736 A.2d 564 (Pa. 1999)] (holding that claim alleging ineffective assistance of counsel for failing to file an appeal is cognizable under the PCRA).

*Commonwealth v. Hackett*, 956 A.2d 978, 985-86 (Pa. 2008) (some citations omitted). In other words, the fact that Appellant's claim here does not implicate the truth-determining process does not mean that it could not be subject to the PCRA. Instead, the focus of a court considering a petition is on the remedy being sought by the petitioner. *See* 42 Pa.C.S. § 6503(b)

("The writ of *habeas corpus* shall not be available if a **remedy** may be had by post-conviction hearing proceedings authorized by law.") (emphasis added).

In this case, Appellant is seeking a hearing to determine whether his sentence should be reduced or he should be discharged. ***See*** Petition for Writ of *Habeas Corpus*, 10/20/2017, at 11. Such relief is clearly contemplated by the PCRA. ***See*** 42 Pa.C.S. § 9546(a) ("If the court rules in favor of the petitioner, it shall order appropriate relief and issue supplementary orders as to rearraignment, retrial, custody, bail, discharge, correction of sentence or other matters that are necessary and proper.").

Based on the foregoing, we agree with the Commonwealth, ***see*** Commonwealth's Brief at 7, that the PCRA was the proper vehicle to examine this petition. Thus, we now consider Appellant's petition as a PCRA petition.

> Generally, a PCRA petition must be filed within one year from the date a judgment becomes final. There are three exceptions to this time requirement: (1) interference by government officials in the presentation of the claim; (2) newly discovered facts; and (3) an after-recognized constitutional right. When a petitioner alleges and proves that one of these exceptions is met, the petition will be considered timely. A PCRA petition invoking one of these exceptions must be filed within 60 days of the date the claims could have been presented. The timeliness requirements of the PCRA are jurisdictional in nature and, accordingly, a PCRA court cannot hear untimely petitions.

***Commonwealth v. Brandon***, 51 A.3d 231, 233-34 (Pa. Super. 2012) (citations and quotation marks omitted).

Because Appellant's filing is well-outside of the one-year timeframe provided in the PCRA, the PCRA court had no jurisdiction to entertain

Appellant's petition unless he pleaded and offered proof of one or more of the three statutory exceptions to the time bar. **See** 42 Pa.C.S. § 9545(b)(1). Appellant failed to do so, and therefore the PCRA court lacked jurisdiction to entertain Appellant's untimely-filed petition. Based on the foregoing, we affirm the order of the PCRA court.[4]

Order affirmed.

*Judgment Entered.*

*Joseph D. Seletyn, Esq.*
*Prothonotary*

Date: *11/26/2018*

---

[4] "[W]e may affirm the PCRA court's decision on any basis." **Commonwealth v. Charleston**, 94 A.3d 1012, 1028 (Pa. Super. 2014).