J-S05042-19

NON-PRECEDENTIAL DECISION — SEE SUPERIOR COURT I.O.P. 65.37

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| GREGORY BACON, | : | |
| | : | |
| Appellant | : | No. 1498 WDA 2018 |

Appeal from the PCRA Order Entered September 13, 2018
in the Court of Common Pleas of Westmoreland County
Criminal Division at No(s): CP-65-CR-0004967-2006

BEFORE:    PANELLA, P.J., NICHOLS, J. and STRASSBURGER, J.*

MEMORANDUM BY STRASSBURGER, J.:                FILED APRIL 11, 2019

Gregory Bacon (Appellant) pro se appeals from the September 13, 2018

order, which dismissed his petition filed pursuant to the Post Conviction Relief

Act (PCRA), 42 Pa.C.S. §§ 9541-9546.  We affirm.

On December 7, 2007, a jury convicted Appellant of first-degree murder and firearms not to be carried without a license for offenses that were committed when Appellant was twenty-four years old. The trial court sentenced Appellant on January 30, 2008, to a mandatory term of life without parole. This Court affirmed the judgment of sentence on November 25, 2008, and our Supreme Court denied allowance of appeal on July 22, 2009. See Commonwealth v. Bacon, 964 A.2d 933 (Pa. Super. 2008) (unpublished memorandum), appeal denied, 981 A.2d 216 (Pa. 2009).

Appellant timely filed his first PCRA petition pro se on August 10, 2009. The PCRA court appointed counsel, who subsequently filed a "no-merit" letter and a motion to withdraw. The PCRA court granted counsel's motion and issued a notice of its intent to dismiss Appellant's petition without a hearing pursuant to Pa.R.Crim.P. 907. Appellant filed a pro se response and a motion

_____

*Retired Senior Judge assigned to the Superior Court.

requesting the appointment of counsel. The PCRA court denied Appellant's motion and dismissed his petition. This Court affirmed the dismissal. See Commonwealth v. Bacon, 60 A.3d 567 (Pa. Super. 2012) (unpublished memorandum).

Commonwealth v. Bacon, 159 A.3d 44 (Pa. Super. 2016) (unpublished memorandum at 1) (footnotes omitted).

Appellant pro se filed a second PCRA petition on February 1, 2016. The PCRA court dismissed Appellant's petition, and Appellant filed a notice of appeal to this Court. On appeal, this Court concluded that Appellant's petition was filed untimely, and held that the United States Supreme Court's holding in Miller v. Alabama, 567 U.S. 460 (2012),[1] did not satisfy an exception to the timeliness requirements in his case. See Bacon, supra.

On December 27, 2017, Appellant filed pro se a petition for writ of habeas corpus ad subjiciendum in the Court of Common Pleas of Indiana County. In that petition, Appellant claimed that 1) "[t]he Commonwealth['s] attorney violated [Appellant's] procedural due process of law;" 2) "[the trial] court did not have statutory authorization to instruct the jury on first[-]degree murder where [Appellant's] trial was not deemed a capital case;" and 3) "[the trial] court did not have statutory authorization to impose the sentence of life

_____

[1] In Miller, the United States Supreme Court held that a "mandatory [sentence of] life without parole for those under the age of 18 at the time of their crimes violates the Eighth Amendment's prohibition on cruel and unusual punishments." 567 U.S. at 465 (internal quotations omitted).

imprisonment sua sponte." Petition for Writ of Habeas Corpus, 12/27/2017, at 4 (capitalization altered).

On December 28, 2017, the Court of Common Pleas of Indiana County entered an order transferring the petition to Westmoreland County, the county where Appellant was tried, convicted, and sentenced. See Pa.R.Crim.P. 108(A) ("A petition for writ of habeas corpus challenging the legality of the petitioner's detention or confinement in a criminal matter shall be filed with the clerk of courts of the judicial district in which the order directing the petitioner's detention or confinement was entered.").

On May 31, 2018, the Commonwealth filed a response to Appellant's petition for writ of habeas corpus, arguing, inter alia, that it should be treated as a PCRA petition. Commonwealth's Response, 5/31/2018, at ¶ 1. On August 17, 2018, the PCRA court issued notice of its intent to dismiss Appellant's petition without a hearing.[2] Specifically, the PCRA court determined that the petition for writ of habeas corpus was Appellant's third PCRA petition, and the PCRA court lacked jurisdiction over this untimely-filed petition. Appellant filed an objection to the notice, arguing that he did not assert claims under the PCRA. Objection to Dismiss, 9/10/2018, at 1 (unnumbered). The

_____

[2] The PCRA court pointed out that a hearing was originally scheduled for May 31, 2018, but "its scheduling was an administrative error and not based upon the merits of [Appellant's] claims." Notice of Intent to Dismiss, 8/17/2018, at 2. No hearing occurred.

Commonwealth filed a response, and on September 14, 2018, the PCRA court dismissed Appellant's petition. Appellant timely filed a notice of appeal to this Court.[3]

On appeal, Appellant claims that the court erred in treating his petition as a PCRA petition. According to Appellant, "he is not alleging that the truth-determining process underlying his conviction and sentence was undermined by constitutional violations or ineffective assistance of counsel." Appellant's Brief at 11. He also argues that he is not claiming "governmental interference with his right to appeal, that the sentence imposed was greater than the lawful maximum, or that the court lacked jurisdiction." Id. Further, he claims he is not "alleging after-discovered exculpatory evidence." Id. Thus, Appellant claims that "none of the bases for relief under the PCRA address [sic] the unique situation in this case" and therefore "[n]o other remedy exists besides the writ of habeas corpus."[4] Id. (capitalization altered).

Appellant goes on to argue the claims he set forth in his petition for writ of habeas corpus: 1) that his right to procedural due process was violated because the court lacked subject matter jurisdiction, see Appellant's brief at

_____

[3] The PCRA court did not direct Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b), and directs this Court to consider its August 17, 2018 notice of intention to dismiss Appellant's petition as an opinion pursuant to Pa.R.A.P. 1925(a).

[4] The foregoing are all taken almost verbatim from the portion of the PCRA statute which outlines the claims that make a petitioner eligible for PCRA relief. See 42 Pa.C.S. § 9543(a)(2)(i), (ii), (iv), (vi), (vii).

12-14; that the trial court was not authorized to instruct the jury on first-degree murder in this non-capital case, id. at 14-15; and that the court was not authorized to sentence Appellant to life in prison without parole, which resulted in an illegal sentence, id. at 15-16.

We review Appellant's claim mindful of the following.

> [B]oth the PCRA and the state habeas corpus statute contemplate that the PCRA subsumes the writ of habeas corpus in circumstances where the PCRA provides a remedy for the claim…. [W]e have held that the scope of the PCRA eligibility requirements should not be narrowly confined to its specifically enumerated areas of review. Such narrow construction would be inconsistent with the legislative intent to channel post-conviction claims into the PCRA's framework, and would instead create a bifurcated system of post-conviction review where some post-conviction claims are cognizable under the PCRA while others are not.

Commonwealth v. Thompson, 199 A.3d 889, 891 (Pa. Super. 2018) (citing Commonwealth v. Hackett, 956 A.2d 978, 985-86 (Pa. 2008) (some citations omitted)).

Here, Appellant is claiming both that his case proceeded "in a tribunal without jurisdiction" and that his sentence is "greater than the lawful maximum." See 42 Pa.C.S. § 9543(a)(2)(vii), (viii). Moreover, Appellant's vague claims regarding jurisdictional matters and statutory authorization arguably contemplate that Appellant is requesting that his judgment of sentence be vacated. Such relief is clearly contemplated by the PCRA. See Thompson, 199 A.3d at 892 ("[T]he focus of a court considering a petition is on the remedy being sought by the petitioner. See 42 Pa.C.S. § 6503(b) ('The

writ of habeas corpus shall not be available if a remedy may be had by post-conviction hearing proceedings authorized by law.'") (emphasis added)).

Accordingly, we agree with the PCRA court and the Commonwealth, see Commonwealth's Brief at 5, that the PCRA was the proper vehicle to examine this petition. Thus, we now consider Appellant's petition as a PCRA petition.

> Generally, a PCRA petition must be filed within one year from the date a judgment becomes final. There are three exceptions to this time requirement: (1) interference by government officials in the presentation of the claim; (2) newly discovered facts; and (3) an after-recognized constitutional right. When a petitioner alleges and proves that one of these exceptions is met, the petition will be considered timely. A PCRA petition invoking one of these exceptions must be filed within [one year[5]] of the date the claims could have been presented. The timeliness requirements of the PCRA are jurisdictional in nature and, accordingly, a PCRA court cannot hear untimely petitions.

Commonwealth v. Brandon, 51 A.3d 231, 233-34 (Pa. Super. 2012) (citations and quotation marks omitted).

Because Appellant's filing is well-outside of the one-year timeframe provided in the PCRA, the PCRA court had no jurisdiction to entertain Appellant's petition unless he pleaded and offered proof of one or more of the three statutory exceptions to the time bar. See 42 Pa.C.S. § 9545(b)(1). Appellant failed to do so, and therefore the PCRA court lacked jurisdiction to

---

[5] Because Appellant filed this petition after December 24, 2017, the amended version of 42 Pa.C.S. 9545(b)(2), which extends the 60-day period to one year, applies in this case. In any event, it does not matter for the disposition of this case.

entertain Appellant's untimely-filed petition. Based on the foregoing, we affirm the order of the PCRA court.

Order affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 4/11/2019