J-S13041-19

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| JEROD JACKSON, | : | |
| | : | |
| Appellant | : | No. 1422 WDA 2018 |

Appeal from the PCRA Order Entered September 27, 2018
in the Court of Common Pleas of Fayette County
Criminal Division at No(s): CP-26-CR-0001863-2012

BEFORE:  BENDER, P.J.E., OTT, J. and STRASSBURGER, J.*

MEMORANDUM BY STRASSBURGER, J.:          FILED: June 7, 2019

Jerod Jackson (Appellant) appeals from the September 27, 2018 order denying his petition filed under the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546, which sought reinstatement of his appellate rights. We affirm, albeit on a different basis than the PCRA court.[1]

On March 11, 2013, a jury convicted Appellant of six counts each of robbery, aggravated assault, simple assault, recklessly endangering another person, and theft by unlawful taking.  On April 8, 2013, Appellant was sentenced in the aggregate to 10 to 30 years of incarceration.  This Court affirmed Appellant's judgment of sentence, and our Supreme Court declined to review Appellant's case.  ***Commonwealth v. Jackson***, 97 A.3d 794 (Pa.

_____

[1] "[W]e may affirm the PCRA court's decision on any basis." ***Commonwealth v. Thompson***, 199 A.3d 889, 892 (Pa. Super. 2018).

* Retired Senior Judge assigned to the Superior Court.

Super. 2014) (unpublished memorandum), *appeal denied*, 93 A.3d 462 (Pa. 2014).

In 2015, Appellant filed *pro se* a PCRA petition, arguing he received an illegal mandatory sentence. After Diane Zerega, Esquire, was appointed as counsel, Attorney Zerega amended the petition. On January 6, 2016, the PCRA court granted Appellant's PCRA relief, and on February 4, 2016, Appellant was re-sentenced to an aggregate sentence of 10 to 20 years of incarceration. Attorney Zerega timely filed a post-sentence motion on Appellant's behalf, which was denied without a hearing on February 24, 2016. No appeal was filed.

On November 27, 2017, Appellant filed *pro se* another PCRA petition. This time he averred that Attorney Zerega had rendered ineffective assistance of counsel by failing to appeal his February 4, 2016 judgment of sentence upon his request. He also averred that his petition was filed untimely, but claimed he could meet all three PCRA time-bar exceptions. The PCRA court appointed James V. Natale, Esquire, to represent Appellant, and Attorney Natale amended Appellant's petition. Attorney Natale did not address the timeliness of the petition in his amended filing.

The PCRA court conducted an evidentiary hearing on September 26, 2018, wherein Appellant and Attorney Zerega testified. On September 27, 2018, the PCRA court entered an order denying Appellant's petition. 9/27/2018, at 1. In an accompanying opinion, the PCRA court stated that

- 2 -

Appellant failed to prove the merits of his ineffective assistance of counsel claim. PCRA Court Opinion, 9/27/2018, at 2-3 (numbering supplied). Like Attorney Natale, the PCRA court did not address the timeliness of the filing of Appellant's petition.

Appellant timely filed a notice of appeal. Both Appellant and the PCRA court complied with Pa.R.A.P. 1925. On appeal, Appellant presents one issue: "whether the PCRA court erred in not finding [Attorney Zerega] ineffective for failing to notify [Appellant] that the court had denied his post-sentence motion, and that Attorney Zerega failed to appeal the court's decision?" Appellant's Brief at 3 (unnecessary capitalization altered).

On review of orders denying PCRA relief, our standard is to determine whether the PCRA court's ruling is free of legal error and supported by the record. **Commonwealth v. Orlando,** 156 A.3d 1274, 1280 (Pa. Super. 2017) (citation omitted). "A PCRA court's credibility findings are to be accorded great deference," and, if the findings are supported by the record, they are binding upon a reviewing court. **Id.**

As a threshold matter, we address the timeliness of the filing of Appellant's petition. "Even where neither party nor the PCRA court [has] addressed the matter, it is well settled that we may raise it *sua sponte* since a question of timeliness implicates the jurisdiction of our Court." **Commonwealth v. Callahan**, 101 A.3d 118, 121 (Pa. Super. 2014). Neither this Court nor the PCRA court has jurisdiction to address the merits

of an untimely-filed petition. ***Commonwealth v. Leggett***, 16 A.3d 1144, 1145 (Pa. Super. 2011). Because the timeliness of the filing of a PCRA petition is a question of law, our standard of review is *de novo* and our scope of review is plenary. ***Callahan***, 101 A.3d at 121.

Any PCRA petition, including second and subsequent petitions, must either (1) be filed within one year of the judgment of sentence becoming final, or (2) plead and prove a timeliness exception. 42 Pa.C.S. § 9545(b). To invoke an exception, a petition must allege and the petitioner must prove:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i)-(iii). The petitioner bears the burden of pleading and proving the applicability of any exception. 42 Pa.C.S. § 9545(b)(1). Further, at the time Appellant filed his petition, the petition needed to have

- 4 -

been filed "within 60 days of the date the claim could have been presented." 42 Pa.C.S. § 9545(b)(2).[2]

Appellant's new judgment of sentence became final on March 25, 2016, after the time for appeal expired. **See** 42 Pa.C.S. § 9545(b)(3) ("For purposes of [the PCRA], a judgment [of sentence] becomes final at the conclusion of direct review … or at the expiration of time for seeking the review."). Therefore, pursuant to subsection 9545(b)(1), he had until March 25, 2017, to file his petition. Accordingly, his petition filed on November 27, 2017, is facially untimely, and the PCRA court had no jurisdiction to entertain Appellant's petition unless he pleaded and offered proof of one or more of the three statutory exceptions to the time-bar. 42 Pa.C.S. § 9545(b)(1).

Appellant asserted the applicability of all three time-bar exceptions in his *pro se* petition, **see** *Pro se* Petition, 11/27/2017, at 3, but the amended petition filed by Attorney Natale made no effort to plead a time-bar exception, **see generally** Amended Petition, 8/2/2017. In Appellant's brief, Attorney Natale does not offer argument in support of any of the time-bar exceptions or even discuss the exceptions at all. Therefore, Appellant has waived any claim that one of the time-bar exceptions applies.

---

[2] On October 24, 2018, the General Assembly amended subsection 9545(b)(2) in order to extend the time for filing a petition from 60 days to one year from the date the claim could have been presented. **See** 2018 Pa.Legis.Serv.Act 2018-146 (S.B. 915), effective December 24, 2018.

Even if we were to construe Appellant's brief extremely generously and find waiver not to apply, we would still determine that Appellant did not plead and prove a time-bar exception. Appellant contends that Attorney Zerega did not notify him that his post-sentence motion had been denied and did not file an appeal on his behalf, despite knowing that Appellant wished to appeal. Appellant's Brief at 10. In *Commonwealth v. Bennett*, 930 A.2d 1264 (Pa. 2007), our Supreme Court held that Bennett was entitled to invoke the newly-discovered facts exception to the PCRA's time bar because his counsel abandoned him on appeal, he was not aware that his appeal had been dismissed for counsel's failure to file a brief, and he filed a PCRA petition within 60 days of learning that his counsel failed to file a brief.

In the instant case, Attorney Zerega testified that she notified Appellant via a letter that his post-sentence motion had been denied, and Appellant never told her he wanted to appeal. Appellant testified to the opposite. The PCRA court resolved the conflict in testimony in Attorney Zerega's favor, explicitly finding her testimony to be credible and Appellant's to be incredible. PCRA Court Opinion and Order, 9/27/2018, at 12. Accordingly, Appellant failed to establish that Attorney Zerega abandoned him pursuant to *Bennett*.[3]

_____

[3] Appellant also failed to establish that he filed the PCRA petition within 60 days of learning that Attorney Zerega did not file an appeal on his behalf. *(Footnote Continued Next Page)*

- 6 -

Based on the foregoing, Appellant did not plead and prove a time-bar exception, and his petition was not timely filed. Accordingly, we affirm the order dismissing Appellant's PCRA petition.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/7/2019

(Footnote Continued) ───────────────

According to a handwritten note in the certified record, the clerk of courts sent him a copy of the docket showing the absence of a notice of appeal on October 13, 2016, well before Appellant finally filed his petition on November 27, 2017.