J-S35040-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| QUINTEZ TALLEY | : | |
| | : | |
| Appellant | : | No. 1980 EDA 2019 |

Appeal from the PCRA Order Entered July 10, 2019
in the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0003711-2009

BEFORE:   BOWES, J.,  STABILE, J., and COLINS, J.

CONCURRING MEMORANDUM BY BOWES, J.:   **FILED SEPTEMBER 30, 2020**

The Majority, like the PCRA court correctly notes that the  general rule, affirmed recently by our Supreme Court in ***Commonwealth v. Williams***, 196 A.3d 1021, 1029-30 (Pa. 2018), is that a criminal defendant who elects to represent himself cannot seek collateral relief upon a claim that his standby counsel rendered ineffective assistance.  However, our Supreme Court has rejected the notion that all claims regarding counsel's performance are waived when the previously-waived right to counsel is subsequently reasserted.  ***See Commonwealth v. Bryant***, 855 A.2d 726, 737 (Pa. 2004) (deeming claims of ineffective waived as to the part of the trial when the defendant was representing himself, but reviewing the merits of claims related to counsel's performance after the defendant requested that standby counsel take over).

While ***Bryant*** involved an express abandonment of the right to self-representation mid-trial, the Court cited with approval cases from other

jurisdictions that indicate that such waiver may be implicit. ***Id***. ("[***S***]ee . . . ***Williams v. Bartlett***, 44 F.3d 95, 100 (2d Cir.1994) ('Once asserted . . . the right to self-representation may be waived through conduct indicating that one is vacillating on the issue or has abandoned one's request altogether.') ***Raulerson v. Wainwright***, 732 F.2d 803, 809 (11th Cir. [1984]) (defendant waived self-representation right by proceeding with assigned counsel)[.]").

From my review of the certified record, it is clear that Appellant abandoned his request to proceed *pro se*. The transcripts themselves indicate that two attorneys appeared each day of the trial as counsel for Appellant, not as standby counsel. ***See*** N.T. Trial, 6/6/12, at 1 (listing under "appearances" John Konchak, Esquire, and Robert Listenbee, Esquire, as counsel for Appellant); N.T. Trial, 6/7/12, at 1 (same); N.T. Trial, 6/8/12, at 1 (same).

More importantly, at the outset of trial, counsel advised the court that Attorney Konchak would open and examine most of the witnesses, and Attorney Listenbee might question some witnesses, but Appellant himself would not be questioning any witnesses. ***See*** N.T. Trial, 6/6/12, at 5-6. Appellant did not make a single objection or argument, or question any witnesses. His participation at trial was limited to that typically seen when a defendant has counsel: he entered his plea and answered when his counsel colloquied him about testifying in his own defense. ***See*** N.T. Trial, 6/6/12, at 6-7; N.T. Trial, 6/8/12, at 53-54. Accordingly, I cannot agree with the

Majority's decision to deem Appellant's claims waived due to his initial assertion of his right to self-representation.

Nonetheless, I agree that Appellant is entitled to no relief from this Court. As noted by both the PCRA court and the Commonwealth, Appellant's claim lacks merit because Appellant had several mental health evaluations and offered no evidence that a mental health defense at trial had arguable merit. ***See*** PCRA Court Opinion, 12/16/19, at 4; Commonwealth's brief at 6-7. I would affirm the PCRA court's order on that basis. ***See***, ***e.g.***, ***Commonwealth v. Thompson***, 199 A.3d 889, 892 n.4 (Pa.Super. 2018) ("We may affirm the PCRA court's decision on any basis." (cleaned up)).

Therefore, I respectfully concur.