J-S47003-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| ANDREW SISSON | |
| Appellant | No. 179 MDA 2020 |

Appeal from the Order Entered January 10, 2020
In the Court of Common Pleas of Dauphin County
Criminal Division at No: CP-22-CR-0003138-1998

BEFORE:  STABILE, J., NICHOLS, J., and STRASSBURGER, J.[*]

MEMORANDUM BY STABILE, J.:                    **FILED FEBRUARY 09, 2021**

Appellant, Andrew Sisson, appeals *pro se* from the order entered on January 10, 2020 in the Court of Common Pleas of Dauphin County, denying his "Petition for Writ of Habeas Corpus."  Appellant contends he was improperly detained in violation of the Interstate Agreement on Detainers ("IAD")[1] when he was transported in October 1998 from the federal penitentiary in Lewisburg, Pennsylvania, to Dauphin County and was returned without trial or final disposition of the charges against him.  For the reasons explained below, we conclude that Appellant's petition must be treated as a first petition for collateral relief pursuant to the Post Conviction Relief Act

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 42 Pa.C.S.A. § 9101 *et seq*.

("PCRA"), 42 Pa.C.S.A. §§ 9541-9546. As such, Appellant is entitled to counsel. Therefore, we are constrained to vacate the January 10, 2020 order and remand for appointment of counsel.

Our review reveals that Appellant was transported from the federal penitentiary in Lewisburg to Dauphin County in 1998. On the "State Agreement Certificate," the reference to the IAD was x-ed out. The certificate clearly reflects that the release of temporary custody was "under the conditions of the STATE WRIT OF HABEAS CORPUS," rather than the IAD. State Agreement Certificate, 10/21/98, at 1. In **Commonwealth v. Diggs**, 416 A.2d 1119 (Pa. Super. 1979), this Court explained that a writ of *habeas corpus* and a detainer lodged pursuant to the IAD

> are two different methods by which one jurisdiction may obtain custody of a person in another jurisdiction. **The Interstate Agreement on Detainers does not apply when custody was obtained by means of writ of habeas corpus *ad prosequendum*.** This specific issue has been decided in **United States v. Mauro**, 436 U.S. 340, 56 L.Ed.2d 329, 98 S.Ct. 1834 (1978).

**Id.** at 1120 (emphasis added).

As the trial court explained, on April 14, 1999, Appellant pled guilty in Dauphin County "to two counts of aggravated assault and was sentenced to 25 to 50 years in a state correctional institution, to be served concurrently with his then federal sentence of 223 months." Memorandum Opinion, 3/11/20, at 1. On November 1, 2019, Appellant filed his petition, styled "Petition for Habeas Corpus," contending Dauphin County obtained custody

over him in 1998 pursuant to the IAD. Petition, 11/1/19, at ¶ 3. The Commonwealth filed an answer to the petition and attached a copy of the October 21, 1998 State Agreement Certificate as an exhibit. Commonwealth's Answer, 12/27/19, Exhibit 1. By order entered on January 10, 2020, the court denied the petition. Appellant filed a timely notice of appeal and the trial court issued a Rule 1925(b) order. In response to that order, Appellant

> sent a "letter" indicating that he was confused by our order and that if we would like him to respond to our 1925(b) order to let him know. However, later in his "letter" he states his reasons for appealing. We now state that issue as follows:
>
>> "Needless to say, is that no matter what Dauphin Co. says about the type of writ used to retrieve [Appellant], once a notice of temporary custody is asked for and given between a giving and receiving state/Fed jurisdiction the protection long established in the I.A.D. law is guaranteed.["]

Trial Court Memorandum, 3/11/20, at 1-2 (quoting Appellant's Letter sent in response to Rule 1925(b) order) (footnote omitted).

Rejecting Appellant's contention, the trial court noted that the "State Agreement Certificate" allowed for Appellant's release to the temporary custody of Dauphin County. *Id.* at 2. The court explained:

> [The certificate] was signed by a warden and it indicated that [Appellant] was to be returned to the United States Penitentiary, Lewisburg, Pennsylvania. We fail to see how this violated [Appellant's] rights. Quite simply, a writ was used to transport [Appellant] to Dauphin County to answer for the crimes charged. On April 14, 1999, [Appellant] entered a guilty plea and was returned to federal custody. We fail to see how [Appellant's] constitutional rights were violated.

Additionally, we note, that were [Appellant's] petition to be treated as a PCRA petition, it would be blatantly untimely.[fn]

> [fn] Out of caution, we note the untimeliness exception and the possibility of treating [Appellant's] petition as a PCRA petition. However, [Appellant] failed to raise any claims that would warrant relief.

*Id.*

As explained above, the October 1998 transfer was effected in response to a writ of *habeas corpus.* The IAD was not implicated. Therefore, the trial court correctly determined that Appellant's petition failed to establish any basis for *habeas corpus* relief. However, the court also entertained the possibility that the petition should be treated as a PCRA petition. As reflected in Section 9542 of the PCRA,

> [the PCRA] provides for an action by which persons convicted of crimes they did not commit and persons serving illegal sentences may obtain collateral relief. The action established in this subchapter shall be the sole means of obtaining collateral relief and encompasses all other common law and statutory remedies for the same purpose that exist when this subchapter takes effect[2], including habeas corpus and coram nobis.

42 Pa.C.S.A. § 9542.

In **Commonwealth v. Thompson**, 199 A.3d 889 (Pa. Super. 2018), this Court recognized that "the focus of a court considering a [post-conviction] petition is on the remedy being sought by the petitioner. **See** 42 Pa.C.S. § 6503(b) ("The writ of *habeas corpus* shall not be available if a **remedy** may be had by post-conviction hearing proceedings authorized by law."). **Id.** at

---

2 The "subchapter" known as the PCRA took effect on May 13, 1982.

892 (emphasis in original). In **Thompson**, the appellant was seeking a hearing to determine whether his sentence should be reduced or he should be discharged. "Such relief is clearly contemplated by the PCRA. **See** 42 Pa.C.S. § 9546(a) ('If the court rules in favor of the petitioner, it shall order appropriate relief and issue supplementary orders as to . . . custody, bail, discharge, correction of sentence or other matters that are necessary and proper.')." **Id.**

In his petition, Appellant asked the court to vacate his sentence, dismiss the charges against him with prejudice, and discharge him from custody in Pennsylvania. Therefore, as in **Thompson**, the PCRA was the proper vehicle under which Appellant's petition should be considered.

The trial court suggested that Appellant's petition, if treated as a PCRA petition, "would be blatantly untimely." Trial Court Memorandum, 3/11/20, at 2. The petition, filed decades after Appellant's judgment of sentence became final, obviously falls outside the PCRA's one-year time limitation. **See** 42 Pa.C.S.A. § 9545(b). Therefore, unless Appellant pleaded and proved an exception to the time bar, both the PCRA court and this Court would lack jurisdiction to entertain the merits of his untimely-filed petition. **Thompson**, 199 A.3d at 892.

A review of Appellant's petition confirms he did not plead or prove an exception to the time bar. If, as was the case in **Thompson**, this were not his first PCRA petition, dismissal of the petition would clearly be warranted.

However, this is Appellant's first petition. Our Supreme Court has held that "an indigent petitioner, who files his first PCRA petition, is entitled to have counsel appointed to represent him during the determination of whether any of the exceptions to the one-year time limitation apply." **Commonwealth v. Smith**, 818 A.2d 494, 499 (Pa. 2003). The **Smith** Court noted its agreement with this Court's holding in **Commonwealth v. Ferguson**, 772 A.2d 177, 178 (Pa. Super. 1998), which recognized that Section 9545's time bar "must yield" to the rule-based right to counsel for first-time PCRA petitioners under Pa.R.Crim.P. 904.[3] **Smith**, 818 A.2d at 500 (citing **Ferguson**, 722 A.2d at 178).

Because Appellant is entitled to representation on his first PCRA petition, we vacate the trial court's January 10, 2020 order and remand for appointment of counsel.

Order vacated. Case remanded. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 02/09/2021

---

[3] Pa.R.Crim.P. 904(c) provides that "when an unrepresented defendant satisfies the judge that the defendant is unable to afford or otherwise procure counsel, the judge shall appoint counsel to represent the defendant on the defendant's first petition for post-conviction collateral relief."

- 6 -