J-S03009-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| MARCEL J. COOK | : | |
| | : | |
| Appellant | : | No. 973 WDA 2021 |

Appeal from the PCRA Order Entered August 2, 2021
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s): CP-02-CR-0000391-1986

BEFORE:   LAZARUS, J., SULLIVAN, J., and PELLEGRINI, J.[*]

MEMORANDUM BY LAZARUS, J.:              **FILED: MARCH 28, 2022**

Marcel J. Cook appeals, *pro se*, from the order, entered in the Court of

Common Pleas of Allegheny County, dismissing his amended petition for writ

of habeas corpus,[1] which the court properly treated[2] as his sixteenth petition

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] Cook originally filed a petition for review in the Commonwealth Court and named as respondents Governor Tom Wolf, Joe Scarnati, President *Pro Tempore* of the Pennsylvania State Senate, and Mike Turzai, Speaker of the Pennsylvania House of Representatives.  The respondents filed preliminary objections raising, *inter alia*, the jurisdiction of the Commonwealth Court.  The Commonwealth Court ultimately concluded that Cook's petition was actually a petition for writ of habeas corpus and transferred the matter to the Court of Common Pleas.

[2] In his amended petition for writ of habeas corpus, Cook asserted that 18 Pa.C.S.A. § 1102(b) (imposing mandatory life sentence for second-degree murder), under which he was sentenced in 1986, was unconstitutional, as it constituted cruel and unusual punishment in violation of the Eighth Amendment and was violative of his due process rights because it failed to
*(Footnote Continued Next Page)*

filed under the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. § 9541-9546. Upon review, we affirm.

On July 22, 1986, Cook entered a negotiated guilty plea to second-degree murder and robbery. On September 29, 1986, the trial court sentenced him to a mandatory term of life imprisonment without parole. This Court affirmed his judgment of sentence on June 3, 1988, and Cook did not seek allowance of appeal to the Supreme Court. In the ensuing years, Cook filed a total of sixteen PCRA petitions, including the most recent petition at issue here, initially filed in the Commonwealth Court on August 22, 2019. **See** n.1, **supra**. Following transfer to the Court of Common Pleas, Cook sought leave to amend his petition, which the PCRA court granted. Cook filed a *pro se* amended petition on May 25, 2021, seeking release from prison on

_____

include additional sentencing options. He requested that he be "extricated from his illegal confinement and detention." Amended Petition for Writ of Habeas Corpus, 5/25/21, at [7]. Although Cook argues that his petition should not have been treated as a PCRA petition, it is clear that the relief he seeks—discharge from custody—is a remedy available under the PCRA and, as such, his petition was properly treated as one filed under the PCRA. **See Commonwealth v. Thompson**, 199 A.3d 889 (Pa. Super. 2018) (holding discharge from custody is relief contemplated by PCRA and, thus, petition for habeas corpus seeking release on Eighth Amendment grounds properly treated as PCRA petition); **see also** 42 Pa.C.S. § 6503(b) ("The writ of habeas corpus shall not be available if a remedy may be had by post-conviction hearing proceedings authorized by law."); 42 Pa.C.S.A. § 9542 ("This subchapter provides for an action by which persons . . . serving illegal sentences may obtain collateral relief. The action established in this subchapter shall be the sole means of obtaining collateral relief and encompasses all other common law and statutory remedies for the same purpose that exist when this subchapter takes effect, including habeas corpus[.]").

constitutional grounds. *See* n.2, *supra*. On June 21, 2021, the PCRA court entered an order in which it: indicated that it would treat Cook's petition as one filed under the PCRA; gave Cook notice under Pa.R.Crim.P. 907 of its intention to dismiss the petition; and notified Cook that he had 20 days to file a response. *See* Trial Court Order, 6/21/21. On July 1, 2021, Cook filed two documents with the Clerk of Courts.[3] The PCRA court issued an order dismissing Cook's petition on August 2, 2021. Cook filed a timely *pro se* notice of appeal, followed by a *pro se* court-ordered Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal.

Prior to addressing Cook's appellate claims, we must determine whether the PCRA court properly determined that his petition was untimely and, therefore, it lacked jurisdiction to consider its merits. The timeliness of a PCRA petition is a jurisdictional threshold and may not be disregarded in order to reach the merits of the claims raised in a PCRA petition that is untimely. ***Commonwealth v. Lawson***, 90 A.3d 1, 4 (Pa. Super. 2014). Generally, a petition for relief under the PCRA, including a second or subsequent petition, must be filed within one year of the date the judgment of sentence becomes final unless the petitioner alleges, and proves, that an exception to the time

---

[3] Cook filed one document titled "Motion to Dismiss" and another styled as follows: "Petition To Response To Commonwealth's Answer Thereto, Filed On May 25, 2021, Being The Secondary Respondent However The Primary Respondents Governor Tom Wolf; Joe Scarnati (Senate of Pennsylvania); Mike Turzai (Pennsylvania House of Representatives) Does Not Timely File A Response To Order Of Court Day Of May 17, 2021, Parties Wishing To Oppose Petitioner Marcel J. Cook Amended Petition On Or Before June 1, 2021."

for filing the petition, set forth at 42 Pa.C.S.A. §§ 9545(b)(1)(i-iii), is met.[4] A

PCRA petition invoking one of these statutory exceptions must be filed within

60 days of the date the claims could have been presented. *See* 42 Pa.C.S.A.

§ 9545(b)(2).[5]

Here, Cook's judgment of sentence became final on July 5, 1988, at the

expiration of the 30-day period for seeking allowance of appeal to the

Pennsylvania Supreme Court.[6] *See* 42 Pa.C.S.A. § 9545(b)(3); Pa.R.A.P.

---

[4] The exceptions to the timeliness requirement are:

> (i) the failure to raise the claim previously was the result of interference of government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States.
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. §§ 9545(b)(1)(i-iii).

[5] On October 24, 2018, the General Assembly amended subsection 9545(b)(2) to enlarge the time in which a petitioner may invoke a PCRA time-bar exception from 60 days to one year from the date the claim arises. *See* Act 2018, Oct. 24, P.L. 894, No. 146, § 2, effective in 60 days [Dec. 24, 2018]. However, the amendment applies only to claims arising on December 24, 2017, or thereafter. *Id.* at § 3. In this case, Cook's claims arose at the time of his sentencing in 1986. Accordingly, the 60-day period applies.

[6] The thirtieth day following this Court's affirmance of Cook's judgment of sentence was a Sunday; the following day was the July Fourth holiday. As
*(Footnote Continued Next Page)*

903(a). Thus, Cook had until January 16, 1997, to file a timely PCRA petition.[7]

Cook's instant amended petition, filed on May 25, 2021, was filed more than 32 years after his judgment of sentence became final. Accordingly, Cook's petition is patently untimely, unless he has satisfied his burden of pleading and proving that one of the enumerated exceptions applies. *See Hernandez*, *supra*.

Cook failed to plead and prove an exception to the time bar in his amended petition. Accordingly, the PCRA court correctly determined that it lacked jurisdiction to address Cook's claims and we, therefore, affirm the order denying post-conviction relief.

Order affirmed.

_____

such, those days were omitted from the computation of time pursuant to 1 Pa.C.S.A. § 1908.

[7] Effective January 16, 1996, the PCRA was amended to require a petitioner to file any PCRA petition within one year of the date the judgment of sentence becomes final. 42 Pa.C.S.A. § 9545(b)(1). Where, as in Cook's case, a petitioner's judgment of sentence became final on or before the effective date of the amendment, a special grace proviso allowed first PCRA petitions to be filed by January 16, 1997. *See* Act of November 17, 1995, P.L. 1118, No. 32 (Spec. Sess. No. 1), § 3(1).

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 3/28/2022