J-S38032-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| ANTONIO SAUNDERS | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| KEVIN RANSOM | : | No. 1438 EDA 2022 |

Appeal from the Order Entered April 11, 2022,
in the Court of Common Pleas of Northampton County,
Civil Division at No(s):  C-48-CV-2020-02219.

BEFORE:  KUNSELMAN, J., MURRAY, J., and SULLIVAN, J.

JUDGMENT ORDER BY KUNSELMAN, J.:          **FILED JANUARY 24, 2023**

Antonio Saunders appeals from the trial court's order denying his amended petition for *habeas corpus*.  We affirm.

Saunders is an inmate currently in the custody of the Pennsylvania Department of Corrections ("DOC") at the State Correctional Institution ("SCI") at Dallas.  In 2019, a jury convicted Saunders of forgery, identity theft, and related charges.  On August 2, 2019, the trial court sentenced him to an aggregate term of 52 to 104 months of imprisonment.  The trial court denied Saunders' post-sentence motion, and Saunders filed a timely appeal to this Court.  We affirmed Saunders' judgment of sentence on January 4, 2021.  ***Commonwealth v. Saunders***, 248 A.3d 459 (Pa. Super. 2021) (non-precedential decision).  Saunders did not seek further review.

Meanwhile, on March 12, 2020, Saunders filed a civil complaint for *habeas corpus* relief in which he named SCI-Dallas Superintendent Kevin Ransom, as the respondent. On June 16, 2020, counsel for the DOC entered her appearance. Thereafter, Saunders filed a motion to amend his *habeas corpus* petition, as well as other claims for relief. On August 31, 2020, the DOC filed a response. By order December 29, 2021, the trial court denied Saunders' petition without prejudice to file an amended petition. Saunders did so on January 12, 2022. The DOC filed a response on February 7, 2022, and Saunders filed a response to the DOC's filing on February 22, 2022.

By order entered April 9, 2022, the trial court denied Saunders' amended petition. Saunders appealed to this Court. Both Saunders and the trial court have complied with Pa.R.A.P. 1925.

Saunders raises the following six issues on appeal verbatim:

I. Whether [Saunders] was maliciously prosecuted without a determination of probable cause by the neutral issuing authority after a warrantless arrest in violation of the existing Pennsylvania Rule of Criminal Procedure 540(E)?

II. Whether Appellee Superintendent Kevin Ransom, have a claim against [Saunders], to detain him in restraint's of his liberty, in consonant with due process of law, when there is no basis in authority without a determination of probable cause as prescribed by Pa.R.Crim.P. 540(E)?

III. Whether the Court erred in denying [Saunders] Habeas Corpus Relief when [Saunders'] claims ambit, the preliminary arraignment neutral issuing authority determination of no probable cause or the illegal commitment in which habeas lies and not the truth

finding proceedings such as trial, conviction or sentence?

IV. Whether the Court erred denying [Saunders] Writ of Habeas Corpus relief when it may be involved only when remedies in the ordinary course have been exhausted or not available because [Saunders'] Counsel was ineffective assistance of counsel for failing to raise the malicious prosecution claim on direct appeal and malicious prosecution claims is not legally cognizable under the PCRA?

V. Whether the Commonwealth discriminated against [Saunders] by depriving him equal protection of law as prescribed in Pa.R.Crim.P. 540(E) and treated [Saunders] differently than other people in like situation when the neutral issuing authority determines that no probable cause exist and are discharged of charges but [Saunders] was prosecuted; in violation of the existing Pennsylvania Rule of Law?

VI. Whether the Commonwealth, Northampton County filed a filed a civil action Praecipe for entry of judgment in case No. C-48-cv-2019-07363 without giving [Saunders] notice nor probable cause after a warrantless arrest and no determination of probable cause, in regards to companion case No. CP-48-Cr-00538-2019 while [Saunders] was being transferred to the care, custody and control of the Appellee; the civil action was initiated and procured?

Saunders' Brief at 4-5.

The trial court did not expressly address these claims because it found that *habeas corpus* relief was not available to Saunders and that Saunders

- 3 -

could pursue his claims via a petition under the Post Conviction Relief Act ("PCRA").[1]  The court explained:

> [T]he same basic flaw pervades all of [Saunders'] claims. All of them arise out of matters at, or prior to, his sentencing after conviction.  "Where a person is restrained by virtue of sentence after conviction for a criminal offense, the writ of *habeas corpus* shall not be available if a remedy may be had by post-conviction hearing proceedings authorized by law." [42 Pa.C.S.A.] § 6503(b).  Further, Section 9542 of the PCRA provides, in relevant part:
>
> > This subchapter provides for an action by which . . . persons serving illegal sentences may obtain collateral relief.  The action established in this subchapter shall be the sole means of obtaining collateral relief and encompasses all other common law and statutory remedies for the same purpose that exist when this subchapter takes effect, including *habeas corpus* and *coram nobis*.
>
> 42 Pa.C.S. § 9542[.]

Trial Court Opinion, 8/12/22, at 2-3 (unnumbered).

Our review of the record and relevant case law supports the trial court's conclusion. *See Commonwealth v. Thompson*, 199 A.3d 889, 891 (Pa. Super. 2018) (citing *Commonwealth v. Hackett*, 956 A.2d 978, 985-86 (2002) (reiterating that "both the PCRA and the state *habeas corpus* statute contemplate that the PCRA subsumes the writ of *habeas corpus* in circumstances where the PCRA provides a remedy for the claim").

---

[1] 42 Pa.C.S.A. §§ 9541-9546.

Indeed, Saunders has filed a counseled PCRA petition at No. CP-48-CR-00538-2019, through which he can pursue claims that challenge his convictions. However, because Saunders cannot seek such relief by filing a *habeas corpus* petition, we affirm the trial court's order dismissing Saunders' amended petition.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/24/2023