J-S30028-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| TOMMY COOK JR. | : | |
| | : | |
| Appellant | : | No. 290 MDA 2024 |

Appeal from the PCRA Order Entered January 26, 2024
In the Court of Common Pleas of Snyder County
Criminal Division at No(s): CP-55-CR-0000322-2021

BEFORE: PANELLA, P.J.E., SULLIVAN, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY SULLIVAN, J.: **FILED: DECEMBER 18, 2024**

Tommy Cook, Jr. ("Cook") appeals from the order denying his first petition for relief filed pursuant to the Post Conviction Relief Act ("PCRA").[1] We affirm.

The PCRA court set forth the relevant factual and procedural history as follows:

> [I]n August [] 2021, the Commonwealth charged . . . Cook . . ., with [several offenses culminating in a guilty plea in July 2022] . . . to . . . criminal trespass, pursuant to a plea agreement with the Commonwealth. According to the plea agreement, the Commonwealth and [Cook] agreed to the terms of the plea agreement sentence being in the bottom half of the standard range [of the sentencing guidelines]. At the time of sentencing, [Cook] had an offense gravity score of three. The standard range was six [] to [sixteen] months. [Cook] initialed the bottom of each page and signed the last page of the guilty plea colloquy.

---

[*] Former Justice specially assigned to the Superior Court.

[1] **See** 42 Pa.C.S.A. §§ 9541-9546.

> [Cook] was sentenced [i]n August [] 2022, to "a period of incarceration in a state correctional facility of not less than ten [] months nor more than seven [] years[.]"  [Cook made no objection on the record at his sentencing hearing[,] nor did he file a post-sentence motion seeking to withdraw his guilty plea or a sentence modification.]  [I]n February [] 2023, [Cook] filed a [PCRA petition].  [I]n May [] 2023, appointed counsel filed an amended [PCRA petition] seeking [to have] th[e PCRA c]ourt . . . vacate [Cook's] sentence, vacate the conviction and remand the matter for trial or "other appropriate relief[.]"  A hearing was held [i]n January [] 2024.  Th[e PCRA c]ourt denied [Cook's] amended [PCRA petition].  [Cook timely] filed his [n]otice of [a]ppeal . . ..

PCRA Ct. Op., 4/12/24, at 1-2 (internal citations to the record some and unnecessary capitalization omitted).  Both Cook and the PCRA court complied with Pa.R.A.P. 1925.

Cook raises the following issue for our review:

> Did error occur where [Cook] was denied [PCRA] relief in this matter despite not receiving a sentence based on the terms set forth on his guilty plea colloquy?

Cook's Brief at 4.

Generally, our standard of review of an order denying a PCRA petition is well-settled:

> Our review of a PCRA court's decision is limited to examining whether the PCRA court's findings of fact are supported by the record, and whether its conclusions of law are free from legal error.  We view the record in the light most favorable to the prevailing party in the PCRA court.  We are bound by any credibility determinations made by the PCRA court where they are supported by the record.  However, we review the PCRA court's legal conclusions *de novo*.

**Commonwealth v. Staton**, 184 A.3d 949, 954 (Pa. 2018) (internal citation and quotations omitted).

Cook's issue concerns the trial court's alleged breach of the plea agreement by sentencing him within the standard range of the guidelines. A "collateral petition to enforce a plea agreement is regularly treated as outside the ambit of the PCRA and under the contractual enforcement theory of specific performance." *Commonwealth v. Kerns*, 220 A.3d 607, 611–12 (Pa. Super. 2019) (internal quotations omitted). That is, "if there is a plea bargain to enforce, review of a genuine petition for specific performance of a plea agreement remains outside the aegis of the PCRA." *Id*. at 616. Thus, Cook's claim is not cognizable under the PCRA and therefore he is ineligible for PCRA relief. *See Commonwealth v. Spotz*, 18 A.3d 244, 281 (Pa. 2011). However, the "designation of the petition does not preclude a court from deducing the proper nature" of a claim and addressing that claim. *Kerns*, 220 A.3d at 612.[2]

If the term of a plea agreement is legally possible to fulfill when the parties enter the plea agreement, the parties and the court must abide by the terms of the agreement. *See id*. "A determination of exactly what promises constitute the plea bargain must be based upon the totality of the surrounding circumstances and involves a case-by-case adjudication." *Commonwealth*

---

[2] Additionally, just as there is no absolute right to a hearing on a PCRA petition, *see Commonwealth v. Springer*, 961 A.2d 1262, 1264 (Pa. Super. 2008), there is likewise no such right for a motion for specific performance of a petition to enforce a plea agreement. *See Kerns*, 220 A.3d at 615.

*v. Farabaugh*, 136 A.3d 995, 1001-02 (Pa. Super. 2016) (internal citation omitted).[3]

Relevant here, this Court has explained: "To be clear, a trial court legally may impose a harsher sentence than the one agreed upon, even after accepting a plea with a negotiated sentence. However, when it does so, the trial court must give the defendant the option to withdraw his plea and proceed to trial." *Commonwealth v. Root*, 179 A.3d 511, 518 (Pa. Super. 2018) (internal citations and quotations omitted). Indeed, "[t]o challenge the imposition of that sentence as violative of the plea agreement, or seek to withdraw his plea because of the court's sentencing decision, [an appellant is] required to file a post-sentence motion to withdraw his plea or modify his sentence." *Commonwealth v. Berry*, 296 A.3d 634 (Pa. Super. 2023) (unpublished memorandum at *3), *appeal denied*, 304 A.3d 329 (Pa. 2023).[4] Where a petitioner fails to file a post-sentence motion to withdraw his plea or modify his sentence, he forfeits the opportunity to withdraw the plea or seek reconsideration of his sentence. *See id*.

---

[3] Insofar as this Court must construe the language of the plea agreement to ascertain what exactly constitutes the plea bargain, this Court's standard of review is *de novo* and our scope of review plenary. *See Kerns*, 220 A.3d at 612.

[4] Pursuant to Pa.R.A.P. 126(b), unpublished non-precedential decisions of the Superior Court filed after May 1, 2019, may be cited for their persuasive value.

Here, Cook does not assert that he received an illegal sentence, and he does not argue ineffective assistance of plea counsel rendering his guilty plea involuntary and unknowing. Rather, he acknowledges the standard range of the guidelines for his conviction was six to sixteen months of incarceration, but asserts that, based on the trial court's statement at the guilty plea hearing that he "could receive a period of incarceration of somewhere between six and [eleven] months[,]" the **maximum** sentence he should have received is eleven months. Cook's Brief at 9. Cook argues the trial court could have sentenced him to a maximum of five-and-a-half to eleven months of imprisonment. **See id**. at 10. He argues the terms of the plea agreement were ambiguous, and should therefore be construed in his favor, and that he should be resentenced to a maximum of eleven months rather than his ten-month-to-seven-years sentence. **See id**.

The PCRA court considered Cook's claim and concluded he is due no relief. The court observed that the sentence of ten months to seven years of imprisonment was consistent with the plea agreement because it was within the bottom half of the standard range. **See** PCRA Ct. Op., 4/12/24, at 2-3. Specifically, the standard range was six to sixteen months, and the halfway mark would have been eleven months; therefore, any sentence between six and eleven months would have been in the bottom half of the standard range and permissible pursuant to the plea agreement. **See id**. at 3.

Following our review, we affirm, albeit on slightly different grounds.[5] We note that Cook's pleading, while filed under the aegis of the PCRA, is actually a motion for specific performance of his plea agreement. Accordingly, Cook's claim was not cognizable under the PCRA. **See Spotz**, 18 A.3d at 281; **see also Kerns**, 220 A.3d at 612. Nevertheless, the lower court was empowered to look beyond the designation of the petition and address the claim substantively. Our review discloses that, regardless of Cook's assertion that the trial court imposed a harsher sentence than that to which the parties agreed during plea negotiations, Cook is due no relief because he forfeited his opportunity to seek resentencing by failing to file a post-sentence motion for reconsideration or motion to withdraw his guilty plea. **See Root**, 179 A.3d at 518; **Berry**, 296 A.3d 634 at *3. On this basis alone, Cook's argument fails.

Additionally, even if Cook had not forfeited his opportunity to seek resentencing, his issue would still merit no relief. Cook seeks specific performance of the plea agreement, yet he does not assert that the trial court failed to comply with an express term of the plea agreement; rather, he relies merely on an asserted ambiguity. **Cf**. **Farabaugh**, 136 A.3d at 1001-02 (concluding the appellant had shown an express agreement between the parties as part of a negotiated plea agreement and was therefore entitled to

---

[5] We may affirm the PCRA court's order on any legal basis. **See Commonwealth v. Thompson**, 199 A.3d 889, 892 n.4 (Pa. Super. 2018).

enforcement of that term).[6]  Further, we observe that, at the guilty plea hearing, the trial court indicated the plea offer was for a "sentence in the bottom-half of the standard range," N.T., 7/11/22, at 5, and at sentencing, the trial court noted it would "still honor the plea agreement," notwithstanding Cook's prior "sex offense convictions."  N.T., 8/22/22, at 2-3.  However, even if there were an ambiguity in Cook's plea agreement, he failed to state as much as soon as the ambiguity became patent, *i.e.*, at his sentencing hearing, or in a post-sentence motion, as noted above.[7]  We additionally note that at the hearing on Cook's PCRA petition, Cook put on no evidence of his understanding of the terms of the agreement.  **See generally** N.T., 1/26/24, at 3.  For the foregoing reasons, Cook's issue merits no relief.

_____

[6] Cook has also failed to show that the totality of the circumstances supports his interpretation of the plea agreement.  Given his interpretation that the trial court could have sentenced him to a maximum of eleven months, the court would have been limited to sentencing him to a minimum sentence of five-and-a-half months, which would have been below the standard range of the guidelines.  **See** 42 Pa.C.S.A. § 9756(b)(1).  Accordingly, Cook's argument is internally inconsistent; that is, he argues he pleaded for a sentence within the bottom half of the standard range, but also asserts that his plea agreement was for a below-standard-range sentence.

[7] Accordingly, we reject Cook's reliance on **Commonwealth v. Kroh**, 654 A.2d 1168, 1173 (Pa. Super. 1995) (directing specific enforcement of a plea agreement, namely, directing the Commonwealth to cease attempting to compel Kroh to testify in a civil forfeiture proceeding against a co-conspirator, where there had been an ambiguity in the terms of the agreement that was not apparent at the time of sentencing, regarding the scope of Kroh's required cooperation with the Commonwealth).

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 12/18/2024