J-S37034-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA  : IN THE SUPERIOR COURT OF
:           PENNSYLVANIA
:
v.                          :
:
:
OLIVER LAFONZO FREEMAN          :
:
Appellant                  :      No. 1059 EDA 2021

Appeal from the PCRA Order Entered April 26, 2021
In the Court of Common Pleas of Delaware County Criminal Division at
No(s):  CP-23-CR-0001317-1992

BEFORE:   PANELLA, P.J., MURRAY, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY STEVENS, P.J.E.:               **FILED JANUARY 03, 2022**

Appellant Oliver Lafonzo Freeman appeals *pro se* from the Order entered

in the Court of Common Pleas of Delaware County on April 26, 2021,

dismissing as untimely his serial petition filed pursuant to the Post Conviction

Relief Act (PCRA).[1]  We affirm.

The PCRA court previously set forth the relevant facts and procedural

herein as follows:

> [Appellant] was charged on February 3, 1992 with Murder
> in the First Degree, Murder in the Second Degree, Murder in the
> Third Degree, Robbery, Aggravated Assault, Recklessly
> Endangering Another Person, Theft by Unlawful Taking,
> Possessing an Instrument of Crime, and Possession of Firearms.
> These charges arose from the February 2, 1992 shooting of
> George Schroeder in Chester, PA. On that day Mr. Schroeder
> traveled to 10th and Booth Streets expecting to buy drugs. Instead
> he was ambushed and robbed. [Appellant] admitted to shooting

_____

[*] Former Justice specially assigned to the Superior Court.
[1] 42 Pa.C.S.A. §§ 9541-9546.

Mr. Schroeder and led detectives to the location of the .38 caliber handgun that he used when he robbed and shot the victim. On February 3, 1992 Mr. Schroeder died as a result of the gunshot wounds that Petitioner inflicted. On July 7, 1992 the Commonwealth filed a Notice of Aggravating Circumstances, indicating its intent to seek the imposition of a sentence of a sentence [sic] of death. However, on November 4, 1992 Petitioner entered a negotiated guilty plea to second degree Murder.[1] The negotiated plea was accepted by the [t]rial [c]ourt and a mandatory life sentence was imposed. [Appellant] did not file a direct appeal from judgment of sentence.

[Appellant] filed a *pro se* PCRA petition on June 23, 1993 and Mark P. Much, Esquire was appointed to represent [Appellant] in his PCRA proceedings. On April 5, 1994, Mr. Much filed an application to withdraw along with a thorough and extensive *Finley* letter stating his finding that Petitioner's PCRA petition was meritless. After an independent review of the record the Court concurred with appointed counsel's assessment and on April 21, 1994 Petitioner was given Notice of the Court's intent to dismiss without a hearing. On May 2, 1994, the PCRA petition was dismissed. [Appellant] appealed that dismissal and on October 24, 1994, [Appellant's] appeal to the Pennsylvania Superior Court was dismissed.

_____
[1]18 Pa.C.S. §2502(b).

PCRA Court Opinion, filed 11/4/13, at 1-2.

On August 2, 2012, Appellant filed his second *pro se* PCRA petition wherein he claimed that plea counsel had been ineffective for failing to raise a diminished capacity defense and that this failure constituted a newly discovered fact. The PCRA court dismissed the petition on September 4, 2013, and this Court affirmed on April 17, 2014.

On August 6, 2015, Appellant filed his third PCRA petition *pro se* contending he had been mentally incompetent during and after trial. This

petition was dismissed without a hearing on October 6, 2015, and on March 29, 2017, this Court affirmed the dismissal of this petition.

On March 22, 2021, Appellant filed the instant PCRA petition *pro se*, his fourth. Therein, Appellant claimed that newly discovered exculpatory facts evince he received an illegal sentence. He further suggested his plea counsel had been ineffective, his plea was coerced, and that the PCRA court had abused its discretion during prior PCRA proceedings. On March 30, 2021, the PCRA court issued its Notice of Intent to Dismiss without a Hearing, and on April 26, 2021, the court entered its Order dismissing this petition as untimely.

On May 25, 2021, Appellant filed a timely notice of appeal. Both Appellant and the PCRA court have complied with the requirements of Pa.R.A.P. 1925.

In his brief, Appellant raises the following, *verbaim* claims for our review:

> ARGUMENT[-]ONE: DID THE PCRA COURT ERROR DENYING APPELLANT' AN EVIDENTIARY; WHERE "NEWLY / AFTER" DISCOVERED EVIDENCE CAME ABOUT THROUGH [FACTS] AND EXHIBIT: MEETING THE EXCEPTION[S] FOR [FILING] A SUBSEQUENT PCRA PETITION, PURSUIT TO, SEE: [42 Pa.C.S. § 9545(b) (1)(i-iii)]["exceptions met & subsequent PCRA is "timely" filed within the PCRA Statute of (1)-year after discovery"]; Also, Citing, SEE: [U.S.C.A. Fourteenth]["Due Process, Procedural Due Process § it's Equal Protections Clause"].

> ARGUMENT[-]TWO: DID THE PCRA COURT ERROR DENYING APPELLANT AN EVIDENTIARY HEARING AND RELIEF; ULTIMATELY DENYING A "TIMELY' [FILED] PCRA PETITION; WHERE THE [RECORD] IS WELL (EST)ABLISHED IN SUPPORT OF A LAYERED CLAIM OF INEFFECTIVENESS; PARTICULARLY WHERE TRIAL COUNSEL RENDERED DEFICIENT AND INEYFECTIVE CAUSING AN

"OBSTRUCTION OF JUSTICE"---INASM[JCH THAT TRIAL COUNSEL "ILL[-]ADVISED APPELLATE TO "ACCEPT" AN ILLEGAL AND UNLAWFULL PLEA/DEAL SENTENCE. SEE: (Com. V. McGill; 574 Pa. 832 A.2d 1014, 1022 (Pa. 2003)][ counsel's ineffective for not raising ineffectiveness on previous counsel, "Layered claim""][Citing, [U.S.C.A. Sixth]["a right to counsel(s) is a right to effective assistance of counsel"]

ARGUMENT[-]THREE: DID THE PCRA COURT ERROR DENYING APPELLATE AN EVIDENTIARY HEARING; PARTICULARLY WHERE APPELLATE HAD ADEQUATELY PRESENTED, PLEADED & PROVEN "NEWLY /AFTER DISCOVERED EVIDENCE" THAT WAS DISCOVERED BY, "EXCULPATORY EVIDENCE"; IN`SUPPORT OF [FACTS] BY WAY OF ATTACHED EXHIBIT "A" i.e. ["PCRA EXHIBIT OF CORRUPTION BY APPELLATE'S PROSECUTING A.D.A."] IN WHICH WAS SUPPORTED AND WELL (EST)ABLISFED ON, (6/6/20): PARTICULARLY WHERE; "ADA JOHN F.X. REILEY WAS RELIEVED/ FIRED OF HIS POSITION AS NOW PRISON SUPERINTENDENT DJJE TO COMPLETION OF A CRIMINAL INVESTIGATION; THUS(,) APPELLATE HAD DEMONSTRATED THE [FACT] THAT, IF MR. REILEY IS CORRUPT NOW, THE FACT REMAINS TRUE THAT APPELLATE'S CASE MR. REILEY PROSECUTED IS GROUNDS TO BELIEVE WAS BASED ON "TAINT" AND "CORRUPTION". SEE: [42 Pa.C.S. § 9545(b)4W i-iii)]["if a. PCRA PETITION is 'not' filed within the required (1)-year time allotted---the claim(s) in the PCRA "MUST" fall into one of the three exceptions to the Rule: (1). Newly/after discovered exculpatory evidence , etc."].

ARGUMENT[ -]FOUR: DID THE PCRA COURT ERROR IN DENYING APPELLATE AN EVIDENTIARY HEARING AND REMEDY; WHERE THE TRIAL/SENTENCING COURT, "MANIFESTLY ABUSED ITS DISCRETION" IMPOSING AN "UNLAWFUL" AND "ILLEGAL" SENTENCE BASED ON A "TAINTED" PLEA/DEAL OF; "LIFE WITHOUT THE POSSIBILITY OF PAROLE"; i.e. [No Statutory Authorization"]---WHERE A "MANDATORY MINIMUM SENTENCE" IS LAWFUL IN PENNSYLVANIA & THE UNITED STATES AS A WHOLE PURSUIT T0, SEE: [Newman; Alleyne; Miller; Watlev; Songster and, (18 Pa.C.S.A. § 2502(b) here; these Authority's hold affirmative that; 'MANDATORY MINIMUM LIFE SENTENCE(S) ARE "ILLEGAL" & "UNCONSTITUTIONAL"" and hold firm such illegality are ground(s) for, Collateral Review / Relief.

Brief for Appellant at i-ii.

Before we reach the merits of Appellant's aforementioned issues, we first must determine whether we have jurisdiction to do so. Pursuant to 42 Pa.C.S.A. § 9545(b)(1), any PCRA petition must be filed within one year of the date the judgment becomes final unless Appellant alleges and proves that the petition falls within three enumerated exceptions, specifically:

**(b) Time for filing petition.—**

(1) Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that:

(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A § 9545(b)(1)(i)-(iii).

In addition,

(2) Any petition invoking an exception provided in paragraph (1) shall be filed within one year of the date the claim could have been presented.

(3) For purposes of this subchapter, a judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review.

42 Pa.C.S.A § 9545(b)(2), (3).

The PCRA time restrictions are jurisdictional in nature; thus, "Pennsylvania courts may not entertain untimely PCRA petitions." *Commonwealth v. Watts*, 23 A.3d 980, 983 (Pa. 2011). Indeed, the jurisdictional nature of the PCRA time-limits are such that they implicate a court's power to adjudicate a controversy. *Commonwealth v. Fahy*, 737 A.2d 214, 222 (Pa. 1999). While a legality of sentence claim cannot be waived by failing to take a timely appeal from the judgment of sentence, it must be raised in a timely petition filed pursuant to the PCRA, 42 Pa.C.S.A. §§ 9541-46. *Commonwealth v. Jones*, 932 A.2d 179, 182 (Pa.Super. 2007); 42 Pa.C.S.A. § 9545(b); *Commonwealth v. Fahy*, 737 A.2d 214, 223 (Pa. 1999). *See also Commonwealth v. Robinson*, 139 A.3d 178, 185 (Pa. 2016).

Because Appellant did not file a direct appeal, his judgment of sentence became final on or about December 5, 1992. As such, Appellant had until December 5, 1993, in which to file a timely PCRA petition. The instant petition, filed nearly thirty years later, is facially untimely; thus, Appellant was required to plead and prove one of the enumerated exceptions to the PCRA time bar.

Appellant attempts to invoke the "newly-discovered facts" exception to the PCRA jurisdictional time bar. The evidence upon which Appellant relies is a newspaper article wherein Appellant alleges that it was revealed the trial prosecutor during his guilty plea, John F.X. Reilly, had been fired from his position in January 2020 and that he also stepped down as prison superintendent for the Delaware County prison for "corruption by a Commonwealth official." *See* PCRA Petition, filed March 22, 2021 at 5. Appellant reasons that if Mr. Reilly were "corrupt" then, his own plea and conviction must have been tainted.

In a recent decision, our Supreme Court reiterated that the newly-discovered facts exception "renders a petition timely when the petitioner establishes that [`]the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence.[']" *Commonwealth v. Small*, 238 A.3d 1267, 1271 (Pa. 2020), *quoting* 42 Pa.C.S.A. § 9545(b)(1)(ii). A PCRA court first must determine "whether the facts upon which the claim is predicated were unknown to the petitioner[.]" *Id.* at 1282 (original quotation marks omitted). If the PCRA court concludes that the facts were unknown, then the PCRA court must next examine whether "the facts could have been ascertained by the exercise of due diligence, including an assessment of the petitioner's access to public records." *Id.* (citation omitted). "Due diligence demands that the petitioner take reasonable steps to protect his own interests." **Commonwealth v.**

**Brown**, 111 A.3d 171, 176 (Pa. Super. 2015). Additionally, the claim must be filed within one year of the date the claim could have been presented as required by §9545(b)(2).

As the PCRA court explains, Appellant's claim does not entitle him to relief because former ADA John F.X. Reilly and former prison superintendent John A. Reilly are two different individuals. **See** PCRA Court Opinion, 7/16/21, at 4. Thus, Appellant failed to demonstrate that the newspaper article contained a fact that triggered the newly-discovered facts exception set forth at 42 Pa.C.S.A. § 9545(b)(1)(ii).

Even if Appellant had established a newly-discovered fact claim, he has failed to show he exercised due diligence in filing the instant PCRA petition. Significantly, Appellant failed to specify in his PCRA petition the date upon which he became aware of the newspaper article. As the Commonwealth explains, the article referred to "'DA-elect Stollsteimer,' implying that it was written before January 6, 2020, the date the District Attorney was sworn in.'" Commonwealth's Brief at 6. Because Appellant had one year from the date his claim could have been presented in which to file the instant PCRA petition, but he did not file the same until March 22, 2021, more than one year after the article had been published, he did not properly invoke this exception to the PCRA time-bar.

Also, as the PCRA court observes, "[e]ven if the so called "corruption" [Appellant] refers to, and the news article he attached to the petition, referred

to the prosecutor on his case, it would not have changed the outcome. [ ]The news article the Petitioner attached about the prison superintendent stepping down in 2019 would not have served as exculpatory evidence at a trial in the Petitioner's case in 1992." *See* Notice of Intent to Dismiss Without a Hearing, filed 3/29/21, at ¶¶ 32-33; PCRA Court Opinion, 7/16/21, at 4-5.

Based on the foregoing discussion, Appellant has neither pled nor proven any facts that would support application of the newly discovered evidence to the PCRA jurisdictional time bar.

The remainder of Appellant's claims of "layered" ineffective assistance of counsel, a "tainted plea," and trial court error are either not framed as exceptions to the PCRA's strict time bar, or merely incorporate in a disorganized fashion the arguments addressed above which have been previously litigated and deemed to be meritless in prior PCRA petitions. To the extent that Appellant raises additional issues that do not invoke a timeliness exception at 42 Pa.C.S.A. § 9545(b)(1)(i)-(iii), those claims are untimely. *See Commonwealth v. Thompson*, 199 A.3d 889, 892 (Pa.Super. 2018) (holding that Superior Court lacked jurisdiction over PCRA claims filed "well-outside of the one-year time frame" where the petitioner failed to plead and prove the applicability of "one or more of the three statutory exceptions to the time bar").

We discern no error of law or abuse of discretion in the PCRA court's dismissal of Appellant's petition. The record unambiguously demonstrates

that Appellant's petition is patently untimely and not subject to any exception. As such, neither this Court nor the PCRA court had jurisdiction to reach the merits of Appellant's fourth PCRA petition, and the PCRA court did not err in dismissing it as untimely.

Order affirmed.

*Judgment Entered.*

*Joseph D. Seletyn, Esq.*
*Prothonotary*

*Date: 1/3/2022*