(Decided November 25th 1864.)

## ARTHUR J. WILLIS *vs.* J. W. BRYANT, TRUSTEE OF RICHARD H. WRIGHT.

CODE, ART. 5, SEC. 6, AND ART. 48, SEC. 20: APPEALS IN CASES OF INSOLVENCY. According to the grammatical construction of these sections, which are identical, the limitation is confined to the time of taking the appeal, and the bond required may be given after the thirty days, and the giving the bond is a condition precedent only to the prosecution of the appeal.

INSOLVENCY: VENDOR'S LIEN: GUARANTY.—W. A. T. sold to R. H. W. certain lands, for which the latter paid $45, in cash, and gave his bills obligatory for the balance of the purchase money, which bills were assigned to A. J. W., in the following words: "*The within note for the use of Arthur John*

*Willis, at my risk of collection.''* R. H. W. afterwards became insolvent and returned this land in his schedule; after which it was sold by his insolvent Trustee, the sale ratified, and the proceeds ordered to be distributed to the parties entitled thereto. The auditor in his account, after deducting expenses, &c., assigned the balance to the payment of the claim of H. M., a judgment creditor of R. H. W. to the exclusion of A. J. W., who filed exceptions to the account, which were overruled. On appeal by A. J. W.—HELD:

1st. That the auditor's account, as ratified, cannot be held to be a distribution of the Insolvent's estate according to the principles of Equity; especially as the insolvent's trustee sells the whole estate of R. H. W.; and W. A. T., who had refused to convey the legal title, could be compelled so to do, his only redress being to come into the Insolvent Court, and prefer his claim for the purchase money as a creditor of R. H. W.

2nd. That if W. A. T. had not assigned the bills for the purchase money, his claim would be a claim of preference, and as the assignee was claiming by virtue of the guaranty, the fruits of the vendor's lien, for the benefit of the vendor and guarantor, it was inequitable to divert the fund from the party entitled to it.

APPEAL from the Circuit Court for Caroline County:

This appeal is from an order passed on the Law side of the Circuit Court for Caroline County ratifying an auditor's report and account distributing the proceeds of sale of the real estate of an insolvent debtor. The facts of the case are stated in the opinion of this Court as follows:

The record in this case shows that one William A. Tulley, of Caroline County, sold to Richard H. Wright on the 11th of August 1856, a parcel of land lying in said County; that Wright paid thereon only forty-five dollars in cash, and gave to Tulley his bills obligatory for the balance of the purchase money; that these bills each show upon their face they were given for the unpaid purchase money. These bills were subsequently assigned to the appellant in the following words: "The within notes for the use of Arthur John Willis, *at my risk of collection."* Wright thereafter became an insolvent petitioner, and in his schedule returned this parcel of land, and by an order of the Circuit Court, the appellee, as insolvent trustee,

sold the same to the appellant, the sale was ratified and the fund arising from the sale directed to be distributed to the parties entitled thereto. The auditor in distributing the fund, after deducting the expenses, allowed to Henry Mobray, the amount in full of a judgment rendered March 15th 1859, which he held against Wright the insolvent, to the exclusion of the claim of the appellant. The auditor's report was excepted to, but the Court, (CARMICHAEL, J.,) overruled the exceptions, and passed an order finally ratifying the report. From this order an appeal was taken by the claimant, Arthur J. Willis, within the time prescribed by the Code, Art. 5, sec. 6, but the appeal bond was not given within thirty days.

The cause was argued before BOWIE, C. J., and BARTOL, GOLDSBOROUGH, and COCHRAN, J.

*J. M. Robinson,* for the appellant.

1st. It is not denied that Tully had a lien for the unpaid purchase money. It is no longer an open question in this State, especially where the vendor withholds the legal title. It has been held that his lien prevails against judgment creditors even where the legal estate was conveyed. *Repp vs. Repp,* 12 *G. & J.,* 341. *Bryan vs. Ringgold,* 3 *Md. Ch. Dec.,* 388.

2nd. If the lien existed it must remain unless waived or extinguished. Where the vendor assigns the debt without recourse, the lien is gone, because the vendor is paid. But if he remains liable over on account of the assignment, or guarantees the payment of the debt, the lien is not waived. *Schnebly vs. Ragan,* 7 *G. & J.,* 120. *Ex-parte Loaring,* 2 *Rose's Cases,* 791.

In this case Tully was responsible by the assignment to Willis. Willis was in no default, having brought suit at the first term after assignment, and Wright hav-

ing become an insolvent petitioner before the other single bills were due.

3rd. If the lien existed it was the duty of the Court to arrest the distribution of the proceeds of sale, whether the lien was claimed by Tully, the vendor, or by Willis, his assignee. Insolvents' estates are distributed according to the rules of equity. Code, Art. 48, sec. 10. Willis, the assignee, was claiming the fruits of the lien for the benefit of the vendor, who was liable, over to him, if he failed to collect the money. If Willis was not entitled to the lien the Court should have remanded the audit for the benefit of the party entitled. Courts of Equity do not favor circuity of action. It certainly was not equity to ratify an audit which diverted the fund from the parties entitled. Either the appellant or his assignor were entitled to the lien, whereas, by the audit, parties not entitled were to receive the proceeds of sale. Wright had paid but forty-five dollars of the purchase money. The vendor had retained the legal title to secure the purchase money, yet by the decision below, the vendor is to lose the balance due him because his assignee was the claimant, and this too in a Court of Equity and conscience.

4th. As to the appeal, the Code only requires it to be entered within thirty days. The filing of the bond only stays the decree or order of the Court, and was not necessary to the appeal. Such we believe is the current of decisions in regard to the effect of an appeal bond.

*J. W. Bryant*, for the appellee.

1st. The appellant is not entitled to a hearing on appeal, for the reason that the appeal bond was not filed within thirty days, the time limited by law. Code, Art. 5, sec. 6, and Art. 49, sec. 20.

In connection with the views submitted on the question of an appeal, we submit the following propositions and authorities:

1st. That the leading and general design of all insolvent laws is to insure a prompt and complete settlement of the affairs of the insolvent, and an early distribution of his estate among the creditors. *Alexander et al. vs. Ghiselin et al.* 5 *Gill*, 179.

2nd. That there exists no right of appeal in this case other than that conferred by the Code. *Williams vs. Williams*, 5 *Gill*, 89. *Pierson vs. Trail*, 1 *Md. Rep.*, 143. It was the fault of the appellant in not filing his bond, and not the fault of the clerk below, that this cause ,was not disposed of at the June term. *Sample vs. Motter*, 5 *Md. Rep.*, 368.

2. Should the motion to dismiss not prevail, we contend that the action of the Court below, in ratifying the auditor's report, was correct for the following reasons:

1st. That the vendors lien will not pass by implication or construction, and that the appellant in this case has no vendor's lien. *Watson vs. Bean et al.* 7 *Md. Rep.*, 126. Without tracing the history of the vendor's lien in the Courts of the several States, it is sufficient for us to say that it appears to have existed originally for the sole protection of the vendor; our Courts, with others, making considerable innovations, the most material of which is that they permit the vendor by express assignment, to transfer his vendor's lien. *Watson vs. Bean*, cited above. *Alexander vs. Worthington*, 5 *Md. Rep.*, 489. There is nothing in the transfer of the single bills in this case by Tully to Willis, that can be argued to contain an express assignment of the vendor's lien. The appellant occupied the position of a simple contract creditor, being the assignee of the debt and not of the lien; and very properly his lien was not preferred to the judgment of Mowbray. *Dixon vs. Dixon*, 1 *Md. Ch. Dec.*, 221.

As regards the reversal of the judgment of the Court below, for the benefit of Tully, who is responsible over to Willis, the appellant, we deem it only necessary to say

48      v. 22.

that Tully is not here claiming that the proceedings in the Court below, in this case, are illegal or erroneous; nor does it appear that any steps have been taken by Willis to hold Tully responsible for the failure of Wright to pay the single bills.   *Schnebly & Lewis vs. Ragan,* 7 *G. & J.,* 126.

GOLDSBOROUGH, J., after stating case (*ante* pp. 374, 375,) delivered the opinion of the Court as follows:

The first question presented for our consideration, is a motion made by the appellee to dismiss this appeal, upon the ground that though the appeal was taken within the time prescribed by the 6th section of Article 5 of the Code, yet the bond to prosecute the appeal, was not given within thirty days; and that the giving of the bond was a condition precedent, and it should have been given when the appeal was taken.   In considering this motion, we shall advert to the Act of 1849, ch. 88.   That Act first gave the right of appeal in insolvent cases, and it required the appeal to be entered within thirty days, and a certified copy of the record in the cause to be transmitted to the Appellate Court, within sixty days from the date of the judgment, and that the judgment, decree or order appealed from, should not be "suspended or stayed, unless bond be given in such penalty," &c.   By the 6th section of the 12th Article, and the 20th section of the 48th Article of the Code, it is provided, that "any person interested may appeal from the decision of the Court on any question arising under the Insolvent law:  provided such appeal be taken in thirty days, and bond be given to the State to prosecute with effect, or pay costs and damages."   According-ing to the grammatical construction of these sections, which are identical, the limitation is confined to the time of taking the appeal, and the bond required, may be given after the thirty days, and the giving the bond is a condi-tion precedent only to the prosecution of the appeal.

We are, therefore, of opinion, that the appeal in this case was properly before this Court, and the motion to dismiss the same, must be overruled.

We shall proceed to consider the case upon its merits, and in doing so, we deem it important to determine how far the rights of the appellant are affected by his having those rights adjudicated in an Insolvent Court. While under the 10th section of Article 48 of the Code, "the estates of insolvents shall be distributed under the order of the Court, according to the principles of Equity;" yet when we find by the 4th section of the same article, that the insolvent is discharged from all debts and contracts made before the filing of the petition, and such discharge shall embrace all cases where he is endorser or surety, and he shall not be liable to pay any joint contractor, surety or endorser who may pay any debt or perform any contract after the filing of his petition, which was entered into before the filing of such petition. It is manifest that this total exemption of the insolvent, would apply in this case to Tully, the vendor, who would be forever barred from recovering his vendor's lien, if he were compelled to pay the appellant upon his guaranty, and that too when Tully had expressly refused to convey the legal title, until the whole purchase money was paid. This cannot be held as a distribution of the insolvent's estate, according to the principles of equity; especially as the insolvent trustee sells the whole estate of Wright, and Tully could be compelled to convey the legal title,—his only redress being to come into the Insolvent Court and prefer his claim for the purchase money as a creditor of Wright. It cannot be questioned that if Tully had not assigned the bills for the purchase money, his claim would be a claim of preference, and we think it is well said by the appellant, that, in consequence of the guaranty he was claiming the fruits of the vendor's lien, for the benefit of the vendor. It was not equity to divert the fund from the party entitled to it.

The cases relied upon by the appellee, and referred to by the Circuit Court, are cases where either the assignments were made without recourse, or where the guaranty was lost by the neglect of the assignee, in not prosecuting the claim against the debtor with due diligence. In this case, the claims were not only guaranteed, but were prosecuted with due diligence, and Tully's liability over, beyond question or escape. Under these circumstances, we are of opinion that the Circuit Court erred in passing the order of ratification appealed from, and that the order must be reversed and the case remanded for further proceedings, according to the views expressed by this Court.

*Order reversed with costs to the appellants,*
*and cause remanded.*

(Decided November 25th 1864.)