J-A09026-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| FREDERICK BURTON | : | |
| | : | |
| Appellant | : | No. 1137 EDA 2021 |

Appeal from the PCRA Order Entered May 24, 2021
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-1210041-1970

BEFORE: NICHOLS, J., SULLIVAN, J., and PELLEGRINI, J.[*]

MEMORANDUM BY SULLIVAN, J.: **FILED SEPTEMBER 28, 2022**

Frederick Burton ("Burton") appeals from the order dismissing his serial petition for relief filed pursuant to the Post Conviction Relief Act ("PCRA").[1] We affirm.

This Court previously summarized the factual and procedural history of this case as follows:

> On December 7, 1972, following a jury trial, Burton was found guilty of first[-]degree murder [and related offenses] stemming from [his] participation in the murder of Fairmount Police Sergeant Francis R. Von Colln and the shooting of Officer Joseph Harrington, in the Cobbs Creek section of Philadelphia on August 29, 1970. Following the trial, on December 12, 1973, the trial court sentenced Burton to a term of life imprisonment for the murder conviction. [The trial court additionally sentenced Burton

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] *See* 42 Pa.C.S.A. §§ 9541-9546.

to, *inter alia*, a concurrent term of life imprisonment for conspiracy.]

On October 16, 1974, the Supreme Court of Pennsylvania affirmed Burton's judgment of sentence. ***Commonwealth v. Burton***, [] 330 A.2d 833 ([Pa.] 1974). [The Court denied Burton's petition for a rehearing.]

Burton took no further action for over six years. However, on September 30, 1981, Burton filed his first petition for post[-]conviction relief under the former collateral relief act, the Post Conviction Hearing Act ("PCHA"). A hearing was held on October 28, 1982 after which, the PCHA court denied Burton's requested relief by order dated January 9, 1984. This Court subsequently affirmed the PCHA court's order, and the Supreme Court of Pennsylvania thereafter denied *allocatur*.

\* \* \* \*

On November 19, 1991, Burton filed his second post[-]conviction collateral petition, now governed by the PCRA. On December 5, 1991, the PCRA court, without a hearing, denied the relief requested. This Court affirmed the PCRA court's order denying relief on March 30, 1994, and the Supreme Court of Pennsylvania again denied *allocatur* on August 17, 1994.

On September 28, 2004, Burton filed . . . his third post[-]conviction collateral petition under Pennsylvania law. Burton's petition was subsequently amended by counsel on September 29, 2005. The PCRA court . . . issued a [] notice of intent to dismiss for untimeliness pursuant to Rule 907 of the Pennsylvania Rules of Criminal Procedure. Subsequent thereto, the PCRA court dismissed Burton's petition as untimely on August 11, 2006.

\* \* \* \*

[On appeal from the dismissal of his third petition, Burton claimed, *inter alia*, that he had discovered new and exculpatory evidence which impugned the] credibility of a prosecution witness, Marie Williams [("Ms. Williams")]. [T]he so called "new and exculpatory evidence" [consisted of:] (1) the transcript of the November 1970 hearing on the Commonwealth's motion to grant immunity to [Ms.] Williams [to compel her testimony at trial]; (2)

[her] statements to the police [incriminating Burton] made prior to the preliminary hearing; (3) and a letter [dated October 14, 1970, which she] allegedly drafted . . . to the Commonwealth prior to the grant of immunity[, that was attached to her answer in opposition to the immunity petition, and wherein she contested the petition to grant immunity and claimed that the police coerced her statements incriminating Burton].

**Commonwealth v. Burton**, 936 A.2d 521, 522–23, 525 (Pa. Super. 2007) (some footnotes omitted; paragraphs re-ordered for clarity). This Court affirmed the PCRA court's order dismissing Burton's third petition as untimely, noting that Burton failed to properly plead in his petition an exception to the timeliness requirement. **See id**. at 525, 528. This Court further observed that, even if Burton had properly invoked the newly discovered fact exception to the PCRA's timeliness requirement, no relief would be due because the claimed "newly discovered evidence" regarding Ms. Williams had been available to Burton for over thirty years. **Id**. at 526. Our Supreme Court denied Burton's petition for allowance of appeal. **See Commonwealth v. Burton**, 959 A.2d 927 (Pa. 2008).

Burton filed his fourth PCRA petition on July 31, 2018, in which he again asserted claims relating to Commonwealth witness Ms. Williams.[2] Specifically, Burton alleged that he had recently discovered the Commonwealth's immunity petition and Ms. Williams's answer to the immunity petition in which she opposed the petition. **See** PCRA Petition, 7/31/18, at 11-12, 34. Burton claimed that the Commonwealth committed a violation under **Brady v.**

---

[2] Ms. Williams is now deceased. **See** PCRA Court Opinion, 7/29/21, at 20 n.15. She was the wife of Burton's co-defendant Hugh Williams. **See id**. at 2 n.4.

*Maryland*, 373 U.S. 83 (1963) by withholding Ms. Williams's answer to the immunity petition, in which she alleged her statements incriminating Burton were coerced by police, and in which she opposed the immunity petition. *See* PCRA Petition, 7/31/18, at 29. Burton additionally claimed the Commonwealth violated his due process rights under the United States Constitution, Fourteenth Amendment, by allegedly knowingly presenting at trial Ms. Williams's false testimony incriminating him. *See id*. at 52.[3]

In August 2019, the PCRA court scheduled an evidentiary hearing. The PCRA court held an evidentiary hearing between August 17, 2020 and August 25, 2020. *See* PCRA Court Opinion, 7/29/21, at 7-8. The PCRA court dismissed Burton's petition as untimely, and meritless, on May 24, 2021. *See* Order, 5/24/21. The court concluded, among other things, that Burton's petition was facially untimely by more than forty years and, because this Court concluded in 2007 that Ms. Williams's answer and letter were available to Burton as far back as 1970, Burton failed to prove an applicable exception to the PCRA's timeliness requirement and thereby failed to invoke the court's jurisdiction. *See* PCRA Court Opinion, 7/29/21, at 22-24. Burton timely appealed, and both he and the PCRA court complied with Pennsylvania Rule of Appellate Procedure 1925.

Burton raises the following issues for our review:

---

[3] Burton also claimed ineffective assistance of trial counsel for failing to impeach Ms. Williams with her immunity answer and letter. *See id*. at 58. He does not pursue this issue in his brief on appeal.

- 4 -

1   Whether the PCRA Court erred as a matter of law in applying the law-of-the-case doctrine to its analysis of the timeliness of Burton's petition based on Burton's 2007 Superior Court Opinion?

2   Whether the PCRA Court erred as a matter of law by failing to apply the analysis of **Commonwealth v. Small**, 238 A.3d 1267[, 1285-86] (Pa. 2020)[, in which our Supreme Court disavowed the presumption that PCRA petitioners know facts of public record] to Burton's present petition?

3   Whether the PCRA Court erred as a matter of law by applying the after-discovered evidence standard to Burton's present **Brady** claim?

4   Whether the PCRA Court erred as a matter of law by requiring Burton to prove that the Commonwealth did not disclose the immunity documents to establish the suppression prong of a **Brady** violation?

5   Whether the PCRA Court erred as a matter of law in excluding the Immunity Answer from its materiality analysis for the purposes of establishing a **Brady** violation on the basis that it would not be admissible?

Burton's Brief at 5-6.

Our standard of review of an order dismissing a PCRA petition is well-settled:

> Our review of a PCRA court's decision is limited to examining whether the PCRA court's findings of fact are supported by the record, and whether its conclusions of law are free from legal error. We view the record in the light most favorable to the prevailing party in the PCRA court. We are bound by any credibility determinations made by the PCRA court where they are supported by the record. However, we review the PCRA court's legal conclusions *de novo*.

**Commonwealth v. Staton**, 184 A.3d 949, 954 (Pa. 2018) (internal citation and quotations omitted).

Initially, we must determine whether Burton properly invoked the PCRA court's jurisdiction over his facially untimely PCRA petition. Under the PCRA, any petition "including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final[.]" 42 Pa.C.S.A. § 9545(b)(1). A judgment of sentence becomes final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S.A. § 9545(b)(3). The PCRA's timeliness requirements are jurisdictional in nature, and a court may not address the merits of the issues raised if the PCRA petition was not timely filed. *See Commonwealth v. Albrecht*, 994 A.2d 1091, 1093 (Pa. 2010).

As noted above, our Supreme Court affirmed Burton's judgment of sentence on October 16, 1974. However, the Court only denied Burton's petition for a rehearing on February 5, 1975. *See Burton*, 936 A.2d at 524. Accordingly, his judgment of sentence became final on May 6, 1975, after his time expired for filing a petition for writ of *certiorari* with the U.S. Supreme Court, and thus Burton had until May 6, 1976 to file a timely PCRA petition. *See id*. Accordingly, any petitions filed thereafter are facially untimely. Thus, Burton's latest PCRA petition, filed on July 31, 2018, is facially untimely.

Pennsylvania courts may nevertheless consider an untimely PCRA petition if the petitioner can plead and prove one of three exceptions set forth in section 9545(b)(1)(i)-(iii). *See Commonwealth v. Taylor*, 65 A.3d 462,

468 (Pa. Super. 2013) (providing that a PCRA court must dismiss an untimely petition if no exception is pleaded and proven). Relevant here, section 9545(b)(1)(ii) provides an exception to the jurisdictional time-bar if "the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence[.]" 42 Pa.C.S.A. § 9545(b)(1)(ii). The focus of this exception is on newly discovered facts, not on a newly discovered or newly willing source for previously known facts. **See Commonwealth v. Lopez**, 249 A.3d 993, 1000 (Pa. 2021). A "newly identified source in further support for . . . previously known facts" is insufficient to satisfy section 9545(b)(1)(ii). **See id**. at 1000. If the fact upon which the claim is premised was previously known, it is of no moment that the issue had never been "adequately 'developed and/or adjudicated' in either the state or federal courts." **Id**. Any PCRA petition invoking an exception under section 9545(b)(1) "shall be filed within one year of the date the claim could have been presented." 42 Pa.C.S.A. § 9545(b)(2).

Burton does not contest that his petition is facially untimely, but he argues that his petition satisfies section 9545(b)(1)(ii)'s newly discovered fact exception to the time-bar. Specifically, Burton argues that he first received in July 2018 certain immunity-related documents such as the Commonwealth's immunity petition and proposed order as well as Ms. Williams's answer. Burton's Brief at 19. Burton specifies that the claims asserted in his latest petition derive from Ms. Williams's answer. **See id**. at

20-21. Burton claims these documents show that the Commonwealth sought immunity for Ms. Williams in order to compel her testimony against Burton, and, further, that Ms. Williams opposed the immunity petition. *See id*. at 19-20. According to Burton, Ms. Williams's immunity answer "was replete with material, exculpatory evidence hitherto unknown to [him] where, in no uncertain terms, she disavows [prior] police statements" incriminating him. *Id*. at 20. While Burton asserts that he first received the immunity answer in 2018, he concedes he had Ms. Williams's letter—originally attached to the answer, and which makes the same claims, *i.e.*, that police coerced her statements incriminating Burton—in 2003. *See id*. at 23-24. Burton nevertheless argues the letter was "not of substantive evidentiary value until Burton received the immunity answer [in] 2018, which authenticates it." *Id*. at 22-23; *see also id*. at 33, 35, 59 (presenting argument under section 9545(b)(1)(ii)).[4]

_____

[4] We note that Burton also attempted below to satisfy the timeliness exception at section 9545(b)(1)(i). *See* PCRA Petition, 7/31/18, at 16-25. However, in his appellate brief, apart from a single citation in his "preliminary statement," Burton has not asserted or developed any argument that section 9545(b)(1)(i) applies, and he has therefore abandoned this issue. *See* Burton's Brief at 4; *see also Commonwealth v. Pacheco*, 263 A.3d 626, 649 n.23 (Pa. 2021) (noting that appellate courts should not consider arguments raised below but abandoned on appeal) (internal brackets, quotations, and citation omitted). Burton presents argument about the Commonwealth's alleged obstruction in connection with the "due diligence" requirement under section 9545(b)(1)(ii). *See* Burton's Brief at 46-55.

*(Footnote Continued Next Page)*

The PCRA court considered Burton's newly discovered evidence argument and rejected it. The court reasoned that Burton had raised the issue of Ms. Williams's opposition to the Commonwealth's immunity petition in connection with his third PCRA petition, and this Court found in 2007 that the documents underlying this claim were available to Burton as far back as 1970. Accordingly, Burton presently "failed to show that he did not know about these facts [contained in the immunity answer] and could not have learned about them with the exercise of due diligence." PCRA Court Opinion, 7/29/21, at 22-23.

Based on our review, we agree with the PCRA court's conclusion that Burton failed to plead and prove his exception to the PCRA's timeliness requirement under section 9545(b)(1)(ii), although our reasoning differs.[5]

_____

We observe that Burton twice makes passing reference to section 9545(b)(1)(i) in his reply brief. **See** Burton's Reply Brief at 6, 18. However, assuming *arguendo* that Burton has not abandoned his section 9545(b)(1)(i) claim, it is undeveloped and thereby waived. **See Commonwealth v. McMullen**, 745 A.2d 683, 689 (Pa. Super. 2000) (stating that inadequately developed arguments make preclude meaningful review) (internal citation omitted); **see also Commonwealth v. Wise**, 171 A.3d 784, 791 (Pa. Super. 2017) (finding waiver on appeal of an undeveloped issue).

[5] While PCRA court's legal basis is not entirely clear, the court appeared to consider itself bound, under the law of the case doctrine, by this Court's 2007 opinion in which we concluded that Burton had access to the immunity hearing transcripts, Ms. Williams's police statements, and Ms. Williams's letter as far back as 1970. **Compare** PCRA Court Opinion, 7/29/21, at 21, 23-24 **with Commonwealth v. Gacobano**, 65 A.3d 416, 419-20 (Pa. Super. 2013) (noting that under the law of the case doctrine, which directs discretion, a court should not reopen questions decided by a judge of the same court or a
*(Footnote Continued Next Page)*

Burton concedes that Ms. Williams's immunity answer—which he claims he first discovered in 2018—contains the same information as was in Ms. Williams's letter, which he possessed at least as early as 2003. *See* Burton's Brief at 20-24; *see also Burton*, 936 A.2d at 526-27.[6]  Both the answer and the letter state: that Ms. Williams disavowed her statements to police implicating, *inter alia*, Burton; that police had threatened her and her husband to obtain the incriminating statements against Burton; and that Ms. Williams was unwilling to testify for the Commonwealth.  Thus, Burton's proffered immunity answer contains no new facts; it is rather simply a newly discovered source for previously known facts.  As noted above, our Supreme Court has reiterated that the newly discovered fact exception in section 9545(b)(1)(ii) requires "newly discovered facts, ***not [] a newly discovered or newly willing source for previously known facts***."  *Lopez*, 249 A.3d at 999

---

higher court).  This was error because this Court's conclusion that Burton possessed the transcripts, statement, and letter, was dictum and therefore non-binding.  ***Commonwealth v. Wallace***, 870 A.2d 838, 842 (Pa. 2005) (concluding that prior dicta is non-binding).  For the same reason, the PCRA court erred to the extent it relied on this Court's dictum for its conclusion that the claims have been previously litigated for purposes of section 9543(a)(3). ***See, e.g.***, PCRA Court Opinion, 7/29/21, at 25.  While the PCRA court erred in these respects, we may affirm on any legal basis.  ***See Commonwealth v. Thompson***, 199 A.3d 889, 892 n.4 (Pa. Super. 2018) (internal citations, quotations, and brackets omitted).

[6] We also observe that Burton raised the issue of Ms. Williams's letter in a 2009 petition for *habeas corpus* in federal court.  The district court denied the petition and the Third Circuit Court of Appeals affirmed.  ***See, e.g.***, ***Burton v. Horn***, 617 F.App'x. 196, 198–99 (3d Cir. 2015) (unpublished).

(quoting **Commonwealth v. Marshall**, 947 A.2d 714, 720 (Pa. 2008)) (emphasis in **Lopez**).  Burton knew the facts contained in the immunity answer at least as far back as 2003, which, he concedes, is when he received Ms. Williams's letter opposing immunity, originally attached to the immunity answer.  Burton further presented this fact to this Court, which addressed it in 2007.  Presently, Burton has merely alleged discovery of a new source for the same facts in the letter, *i.e.*, the immunity answer itself.[7]  Accordingly, Ms. Williams's immunity answer cannot satisfy the newly discovered facts

---

[7] Burton devotes considerable time to discussing our Supreme Court's **Small** decision, in which the Court disavowed the "public records presumption," under which PCRA petitioners could be presumed to know facts of public record. **See, e.g.**, Burton's Brief at 33-35; **see also Small**, 238 A.3d at 1271, 1282, 1284.  As we conclude Burton had actual knowledge of the facts contained in the immunity answer well before his 2018 PCRA petition and has accordingly failed to show his claim is predicated on a newly discovered fact, his arguments premised on **Small** are not germane to our disposition.

exception under section 9545(b)(1)(ii).[8]  The PCRA court thus lacked jurisdiction to consider the merits of Burton's claims.[9]

Order affirmed.

Judgment Entered.

*[signature]*

Joseph D. Seletyn, Esq.
Prothonotary


Date: 9/28/2022


_____

[8] We further reiterate that when a PCRA court determines a petition is untimely, it lacks jurisdiction to reach the merits of the petition. ***See, e.g.***, ***Commonwealth v. Albrecht***, 994 A.2d 1091, 1093 (Pa. 2010) (stating the PCRA court has no jurisdiction over an untimely petition and has no legal authority to address the substantive merits).  Once the PCRA court concluded Burton's petition was untimely, it had no jurisdiction to entertain the substantive merits of his petition, including his ***Brady*** and due process claims. ***Cf.*** PCRA Court Opinion, 7/29/21, at 25-29.  We likewise have no jurisdiction to consider the substantive claims.  ***Accord Albrecht***, 994 A.2d at 1093 (stating that neither the PCRA court nor appellate courts have jurisdiction over an untimely petition).

[9] We note that Burton filed a post-submission communication pursuant to Pa.R.A.P. 2501(b).  ***See*** Post-Submission Communication, 7/11/22.  Burton failed, however, to file an application to make the post-submission communication pursuant to Pa.R.A.P. 2501(a).  Accordingly, we decline to consider the communication.  We observe, however, that the communication is a federal opinion issued in ***Bracey v. Superintendent Rockview SCI***, 986 F.3d 274 (3d Cir. 2021).  ***Bracey*** addresses the due diligence required to collaterally attack a conviction under federal law and is not germane to the issue of whether Burton established that the facts underlying his claim were newly discovered under 42 Pa.C.S.A. § 9545(b)(1)(ii).