J-S29026-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| LARRY BENEFIELD FASON | : | |
| | : | |
| Appellant | : | No. 1333 WDA 2024 |

Appeal from the PCRA Order Entered September 27, 2024
In the Court of Common Pleas of Cambria County
Criminal Division at No(s): CP-11-CR-0000168-2018

BEFORE: NICHOLS, J., SULLIVAN, J., and BENDER, P.J.E.

MEMORANDUM BY SULLIVAN, J.: **FILED: December 22, 2025**

Larry Benefield Fason ("Fason") appeals *pro se* from the order dismissing his untimely second PCRA petition filed pursuant to the Post Conviction Relief Act ("PCRA").[1] Because Fason failed to plead an exception to the PCRA's jurisdictional time-bar, neither the PCRA court, nor this Court, has jurisdiction over his untimely petition. Consequently, we affirm the dismissal order.

This Court set forth the factual and procedural history of the case, up through his first counseled PCRA petition, in relevant part, as follows:

> [I]n November [] 2017, Johnstown Police Department officers and detectives were dispatched to the area of Bell Place and Messenger Street in Johnstown, Pennsylvania, after a report of a deceased body. When they arrived on the scene, they observed a deceased female lying in an apartment complex's trash receptacle area. The deceased, later identified as Angela Lunn

---

[1] *See* 42 Pa.C.S.A. §§ 9541-9546.

[("Lunn")], a known acquaintance of [Fason], was partially clothed and had multiple contusions on her face and head.

Upon investigation, detectives noticed droplets of blood "leading from [Lunn] up to the staircase to the rear of an apartment complex." The blood trail led to a third[-]floor apartment, where [Fason] resided. [Fason] allowed police to enter the apartment to remove some of [Lunn's] personal belongings. Once inside, police immediately were "hit with a very strong smell of cleaning products; ammonia, like Clorox type smell." The police also noticed blood stains around the kitchen sink and droplets of blood on the floor, which appeared "to be the same blood trail leading out the door."

Police obtained a "body warrant" for [Fason], seeking photographs of his body, as well as samples of his blood, DNA samples, pubic hair, hair follicles, and fingernail clippings. [Fason] was transported to a local hospital where a Sexual Assault Nurse Examiner (["]SANE["]) examined [Fason] and found blood on his finger, right foot, left toes, and underneath his left foot toenails. The officers also obtained a search warrant for [Fason's] apartment, where they recovered a "jug" of ammonia and a "jug" of detergent from the kitchen, and a tire iron, which was sticking out of a water jug in the master bedroom.

Upon noticing a surveillance camera facing the trash bin area, Detective Sergeant Corey Adams contacted the manager of the Elks Lodge to view the video beginning at midnight the night before. . . . The recording, which was played for the jury at trial, showed [Lunn] arrive at the apartment complex at 4:15 a.m. . . .. At approximately 5:30 a.m., [Fason] could be seen placing two "shopping bags" inside a dumpster. An hour later, the video showed [Fason] positioning [Lunn's] body in the trash bin area before returning to his apartment. . . . The detective later retrieved the shopping bags from the dumpster and discovered "numerous rags and towels soaked with blood, clumps of hair, . . . a pillowcase saturated in blood, and other pieces of garbage."

* * * *

[A forensic expert, Dr. Kevin Whaley ("Dr. Whaley"), testified about Lunn's extensive injuries, including defensive wounds, bruises indicating she had been repeatedly struck by a "long and narrow diameter object, such as a rod or board," and

that several of her injuries, including a punctured lung, lacerated spleen, and skull fractures, were independently fatal. Dr. Whaley also testified that the skull fractures could not be caused by a normal fall down stairs.]

Forensic testing revealed one hair fragment, but no blood on a tire iron recovered from [Fason's] apartment. With regard to the items sent for DNA testing, [Fason's] DNA matched DNA found under the nails of [Lunn's] hands. [Lunn's] DNA matched the blood sample recovered from [Fason's] left toes and boxer shorts, as well as various blood samples recovered from [Fason's] apartment. Moreover, "DNA from the four human hairs recovered from the clumps located in the dumpster contained one DNA profile that was a match to [Lunn]."

[Fason] testified to . . . in his own defense at trial. [He alleged, *inter alia*, that Lunn showed up at his house bruised and bloody, and they smoked weed and crack cocaine together, had a minor disagreement, after which he asked her to leave, and she fell down the steps outside of his apartment.]

The Commonwealth presented one rebuttal witness, biochemical engineer and accident reconstructionist, Dr. Andrew Rentschler [("Dr. Rentschler")], who opined the basilar skull fracture and other injuries [Lunn] sustained were "inconsistent with a backward fall down the steps[.]." Dr. Rentschler testified his opinion would not change even if Victim had been pushed down the steps.

On July 19, 2019, a jury convicted [Fason] of first-degree murder and aggravated assault. The trial court sentenced [him] to life imprisonment on September 17, 2019. This Court affirmed the judgment of sentence on January 6, 2021, and [Fason] did not petition for allowance of appeal with our Supreme Court. [Fason] timely filed a *pro se* PCRA petition [i]n April [] 2021. The PCRA court appointed counsel [("PCRA counsel")], who filed an amended PCRA petition [i]n July [] 2021. The court conducted an evidentiary hearing [i]n September [] 2021, and denied PCRA relief [i]n February [] 2022.

*Commonwealth v. Fason*, 293 A.3d 594 (Pa. Super. 2023) (unpublished memorandum at *1-*3) (indentation and internal citations and some

- 3 -

quotations omitted). This Court affirmed the denial of PCRA relief. ***See id*.** at *10. Our Supreme Court denied review in December 2023. ***See Commonwealth v. Fason***, 308 A.3d 775 (Pa. 2023).

Fason filed the *pro se* PCRA petition *sub judice*, his second, on August 29, 2024. The PCRA court, having concluded Fason's claims were previously litigated,[2] issued a notice of intent to dismiss without an evidentiary hearing, pursuant to Rule of Criminal Procedure 907, on August 30, 2024. ***See*** PCRA Court Op., 12/12/24 (unnumbered at 1).[3] The court thereafter dismissed the petition; and Fason filed a belated response to the Rule 907 notice on September 30, 2024. ***See id*.** (unnumbered at 1). Fason timely appealed from the dismissal order, and both he and the PCRA court complied with Pa.R.A.P. 1925.

Fason raises the following issues for our review:

1. [Whether the c]ourt erred in finding [Fason] fail[ed] to respond to the court's [R]ule of Criminal Procedure 907 Notice of Intent to Dismiss . . . because, [Fason] prepared [his] response to courts proposed dismissal . . ., and mailed [it] to [the] Clerk of Courts.

2. [Whether the c]ourt erred in finding [Fason] is ineligible for relief under the . . . [PCRA, because] the claim of ineffective assistance of trial counsel has been fully litigated in his first PCRA petition.

_____

[2] ***See*** 42 Pa.C.S.A. § 9543(a)(3) (requiring that issues raised under the PCRA not be previously litigated or waived).

[3] While there is no dispute the PCRA court issued a Rule 907 notice, we did not discover the notice during our review of the certified record. However, this omission does not impede our review.

(A)    It is true that [Fason] did argue ineffective assistance of trial counsel in his first PCRA [petition], however in his second PCRA [petition], [Fason] is arguing ineffective assistance of PCRA counsel, which has not been litigated.

3. PCRA counsel argued that trial counsel was ineffective in failing to call an expert witness to contradict and/or challenge the Commonwealth's medical expert; however, PCRA counsel also failed to call an expert witness t[o] provide testimony during the PCRA evidentiary hearing, in violation of [Fason's] right to effective assistance of counsel, guaranteed to him under the Sixth Amendment to the United States Constitution and Pennsylvania Constitution.

(A)    PCRA counsel failed to obtain funds from Office of the Public Defender which are available to obtain medical expert testimony.

(B)    PCRA counsel failed to investigate and/or attempt to locate an expert in field of forensic pathology to review medical records, trial transcripts, and/or challenge the Commonwealth's medical expert.

Fason's Br. (unnumbered at 2-3) (some unnecessary capitalization omitted).

Our standard of review of an order dismissing a PCRA petition is well settled:

Our review of a PCRA court's decision is limited to examining whether the PCRA court's findings of fact are supported by the record, and whether its conclusions of law are free from legal error.  We view the record in the light most favorable to the prevailing party in the PCRA court.  We are bound by any credibility determinations made by the PCRA court where they are supported by the record.  However, we review the PCRA court's legal conclusions *de novo*.

**Commonwealth v. Staton**, 184 A.3d 949, 954 (Pa. 2018) (internal citation and quotations omitted).  The PCRA petitioner "has the burden to persuade

this Court that the PCRA court erred and that such error requires relief." ***Commonwealth v. Wholaver***, 177 A.3d 136, 144–45 (Pa. 2018) (internal citations omitted). Further, "it is well settled that this Court may affirm a valid judgment or order for any reason appearing as of record." ***Id***. at 145 (internal citation omitted). ***See also Commonwealth v. Hamlett***, 234 A.3d 486 (Pa. 2020) (affirming the right-for-any-reason doctrine); ***Commonwealth v. Thompson***, 199 A.3d 889, 892 n.4 (Pa. Super. 2018).

Before proceeding to the merits of Fason's issues, we must first determine whether he timely filed the present petition such that we have jurisdiction over his appeal. ***See Commonwealth v. Rivera***, 324 A.3d 452, 467 n.16 (Pa. 2024) (noting that "[i]t is well settled that the PCRA's time requirements are jurisdictional in nature; therefore, we may address them *sua sponte*"); ***Commonwealth v. Ballance***, 203 A.3d 1027, 1032 (Pa. Super. 2019) (stating the same). Under the PCRA, any petition "including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final[.]" 42 Pa.C.S.A. § 9545(b)(1). The PCRA's timeliness requirements are jurisdictional in nature, and a court may not address the merits of the issues raised if the PCRA petition was not timely filed. ***See Commonwealth v. Albrecht***, 994 A.2d 1091, 1093 (Pa. 2010); ***see also Commonwealth v. Woolstrum***, 271 A.3d 512, 513 (Pa. Super. 2022) (providing that "[i]f a PCRA petition is untimely, courts lack jurisdiction over the petition") (internal citations omitted). Pennsylvania courts may

nevertheless consider an untimely PCRA petition if the petitioner can plead and prove one of three exceptions set forth in section 9545(b)(1)(i)-(iii), and he filed his PCRA petition invoking a timeliness exception within one year of the date the claim could have been presented. **See** 42 Pa.C.S.A. § 9545(b)(2); **see also Commonwealth v. Williamson**, 21 A.3d 236, 242 (Pa. Super. 2011) (holding that "a petitioner invoking section 9545(b)(1)[] **must still comply with section 9545(b)(2)** by presenting the claim within [one year] of discovering the new fact") (internal citations omitted; emphasis in original).

Here, this Court affirmed Fason's judgment of sentence on January 6, 2021. **See Fason**, 293 A.3d 594 (unpublished memorandum at *3). Fason filed no petition for allowance of appeal with our Supreme Court, **see id**.; therefore, his judgment of sentence became final thirty days later on February 5, 2021. **See Commonwealth v. Karanicolas**, 836 A.2d 940, 944 (Pa. Super. 2003). Accordingly, Fason had until February 7, 2022 to file a timely PCRA petition. **See** 42 Pa.C.S.A. § 9545(b)(1).[4] As such, Fason's present PCRA petition, filed in August 2024, is facially untimely.

Our review of Fason's August 29, 2024, *pro se* PCRA petition reveals that he did not plead an exception to the PCRA's timeliness requirement. **See generally** PCRA Pet., 8/29/24. Nor in his response to the PCRA court's Rule

---

[4] February 5, 2022, fell on a Saturday. **See** 1 Pa.C.S.A. § 1908 (providing that weekends and holidays are excluded from time computations).

907 notice did Fason assert a timeliness exception. *See generally* Def.'s Rep. to Court's Proposed Dismissal of Second PCRA Pet., 9/30/24. Additionally, Fason does not address timeliness in his brief before this Court. *See generally* Fason's Br. (unnumbered at 1-25). Further, to the extent Fason's present claims are predicated on assertions of ineffectiveness against PCRA counsel, this Court has unequivocally held that claims of PCRA counsel's ineffectiveness do not toll the PCRA's timeliness requirements. *See*, *e.g.*, *Commonwealth v. Stahl*, 292 A.3d 1130, 1136 (Pa. Super. 2023) (holding that "[n]othing in [*Commonwealth v. Bradley*, 261 A.3d 381 (Pa. 2021)] creates a right to file a second PCRA petition outside the PCRA's one-year time limit as a method of raising ineffectiveness of PCRA counsel or permits recognition of such a right"); *accord Commonwealth v. Laird*, 331 A.3d 579, 599 (Pa. 2025) (providing that courts have "no lawful authority" to adjudicate claims cognizable under the PCRA but filed in an "untimely manner without an applicable exception").

Because Fason's second *pro se* PCRA petition is facially untimely, and he failed to plead an applicable exception, neither the PCRA court, nor this Court, has jurisdiction to entertain it. As such, we affirm the PCRA court's dismissal order. *See Rivera*, 324 A.3d at 467 n.16 (this Court may raise the issue of the timeliness of a PCRA petition *sua sponte*, as it implicates this Court's jurisdiction); *Woolstrum*, 271 A.3d at 513 (courts lack jurisdiction

over untimely PCRA petitions); ***Thompson***, 199 A.3d at 892 n.4 (this Court

may affirm on any legal basis).

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

DATE: 12/22/2025